1  DAREN H. LIPINSKY (State Bar No. 190955)
   E-mail: DLipinsky@aol.com
2  AARON RAY BOYD, Of Counsel (State Bar No. 146687)
   E-mail: arboyd.1@gmail.com
3  JOHN FESSLER, Of Counsel (State Bar No. 89259)
   E-mail: fessj2@yahoo.com
4  BROWN & LIPINSKY LLP
   5811 Pine Avenue, Suite A
5  Chino Hills, CA 91709
   Telephone: (909) 597-2445
6  Facsimile: (909) 597-6199
7  Attorneys for Plaintiff,
   SIMONE HILL

8

9              **UNITED STATES DISTRICT COURT**

10            **CENTRAL DISTRICT OF CALIFORNIA**

11

12  SIMONE HILL,                          Case No.: 14-CV-0713 JGB (SPx)

13           Plaintiff,                   **PLAINTIFF'S MEMORANDUM OF
                                          CONTENTIONS OF LAW AND
14  v.                                    FACT**

15  NATIONAL RAILROAD PASSENGER           Final Pretrial Conference: 09/21/15
    CORPORATION, dba AMTRAK, and          Time:        11:00 a.m.
16  DOES 1 through 10, Inclusive,         Courtroom: 1

17           Defendants.                  Trial Date:  10/06/15
    _____/

18

19

20

21

22

23

24

25

26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

## TABLE OF CONTENTS

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1] . . . . . . . . . . . . 2

     A.   HILL's CLAIMS AND ELEMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

          1. Summary of Hill's Claims [L.R. 16-4.1(a), (b)] . . . . . . . . . . . . . . . 2

               a)   Claim 1:  Disability Discrimination in Violation
                    of FEHA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

               b)   Claim 2: Failure to Reasonably Accommodate in
                    Violation of FEHA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

               c)   Claim 3:  Failure to Engage in the Interactive
                    Process in Violation of FEHA . . . . . . . . . . . . . . . . . . . . . 3

               d)   Claim 4:  Retaliation in Violation of the FEHA . . . . . . 4

               e)   Claim 5:  Constructive Termination in Violation of
                    Public Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

               f)   Prayer for Relief – Compensatory damages . . . . . . . . . 5

               g)   Prayer for Relief – Punitive damages . . . . . . . . . . . . . . 6

          2. Key Evidence in Support of Hill's Claims [L.R. 16-4.1(c)] . . . . . 7

               a)   Claim 1:  Disability Discrimination in
                    Violation of FEHA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

               b)   Claim 2: Failure to Reasonably Accommodate in Violation
                    of FEHA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

               c)   Claim 3:  Failure to Engage in the Interactive Process in
                    Violation of FEHA . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

               d)   Claim 4:  Retaliation in Violation of FEHA . . . . . . . . 20

               e)   Claim 5: Wrongful Constructive Termination in Violation
                    of Public Policy . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT
-ii-

| | | | |
|---|---|---|---|
| 1 | f) | Prayer for Relief – Compensatory damages . . . . . . . | 22 |
| 2 | g) | Prayer for Relief – Punitive damages . . . . . . . . . . . . . | 23 |
| 3 | **3. Amtrak's Affirmative Defenses [L.R. 16-4.1(d), (e), (f)]** . . . . . . | 23 |
| 4 | a) | First Affirmative Defense ("Failure to State Cause of | |
| 5 | | Action"): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 23 |
| 6 | b) | Second Affirmative Defense ("Failure to Mitigate"): | 24 |
| 7 | c) | Third Affirmative Defense ("Avoidable | |
| 8 | | Consequences"): . . . . . . . . . . . . . . . . . . . . . . . . . . . | 25 |
| 9 | d) | Fourth Affirmative Defense | |
| 10 | | ("Estoppel"): . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 26 |
| 11 | e) | Fifth Affirmative Defense ("Waiver"): . . . . . . . . . . . | 27 |
| 12 | f) | Sixth Affirmative Defense ("Unclean Hands"): . . . . . | 28 |
| 13 | g) | Seventh Affirmative Defense ("Punitive | |
| 14 | | Damages Not Available"): . . . . . . . . . . . . . . . . . . . . | 28 |
| 15 | h) | Eighth Affirmative Defense ("Punitive Damages | |
| 16 | | Unconstitutional"): . . . . . . . . . . . . . . . . . . . . . . . . . | 29 |
| 17 | I) | Ninth Affirmative Defense ("Privilege and/or | |
| 18 | | Justification"): . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 29 |
| 19 | j) | Tenth Affirmative Defense ("Federal Employers' Liability | |
| 20 | | Act Preemption"): . . . . . . . . . . . . . . . . . . . . . . . . . | 30 |
| 21 | k) | Eleventh Affirmative Defense ("Statute | |
| 22 | | of Limitations"): . . . . . . . . . . . . . . . . . . . . . . . . . . | 30 |
| 23 | l) | Twelfth Affirmative Defense ("Laches"): . . . . . . . . . | 31 |
| 24 | m) | Thirteenth Affirmative Defense ("Failure to Exhaust | |
| 25 | | Administrative Remedies"): . . . . . . . . . . . . . . . . . . . | 31 |
| 26 | n) | Fourteenth Affirmative Defense ("Exceeds Scope of | |

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

| | | | |
|---|---|---|---|
| | | Administrative Charge"): | ........................ 32 |
| | o) | Fifteenth Affirmative Defense ("Good Faith"): | ..... 32 |
| | p) | Sixteenth Affirmative Defense ("Equitable Indemnity /Proportional Fault"): | ..................... 33 |
| | q) | Seventeenth Affirmative Defense ("Release"): | ...... 33 |
| | r) | Eighteenth Affirmative Defense ("Undue Hardship/Requested Accommodation Unreasonable"): | .............................. 34 |
| | s) | Nineteenth Affirmative Defense ("Plaintiff Failed to Engage in Interactive Process"): | ................. 35 |
| | t) | Twentieth Affirmative Defense ("Job-Related/Business Necessity"): | ......................................... 35 |
| | u) | Twenty-First Affirmative Defense ("RLA Preemption"): | ................................. 35 |
| | v) | Twenty-Second Affirmative Defense ("After-Acquired Evidence"): | ...................................... 36 |
| | w) | Twenty-Third Affirmative Defense ("Additional Defenses"): | ................................... 36 |
| | 4. | Anticipated Evidentiary Issues [L.R. 16-4.1(h)] | ............. 37 |
| | 5. | Identification of Issues of Law [L.R. 16-4.1(I)] | ............. 38 |
| III. | | BIFURCATION OF ISSUES [L.R. 16-4.3] | ................. 39 |
| | A. | Punitive Damages | ................................. 39 |
| | B. | Amtrak's After-Acquired Evidence Defense | .................. 39 |
| IV. | | JURY TRIAL [L.R. 16-4.4] | ......................... 39 |
| | A. | Issues Triable to the Jury | ........................... 39 |
| | B. | Issues Triable to the Court | ......................... 40 |

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

| | | |
|---|---|---:|
| V. | ATTORNEYS' FEES [L.R. 16-4.5] ............................... | 41 |
| VI. | ABANDONMENT OF ISSUES [L.R. 16-4.6] ....................... | 41 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

# TABLE OF AUTHORITIES

**Cases**                                                                          **Pages**

Alexander v. Choate (1985) 469 U.S. 287, 295. . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1174
    (N.D. Cal. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Bihun v. AT & T Information Systems, Inc. (1993) 13 CA4th 976, 995, 997 . . . . . . 6

BMW of No. America, Inc. v. Gore (1996) 517 US 559, 568, 116 . . . . . . . . . . . . . 29

Borkowski v. Valley Cent. School Dist. (2nd Cir. 1995) 63 F. 3d 131, 143. . . . . . . . 3

Burnside v. Kiewit Pac. Corp. (9th Cir. 2007) 491 F3d 1053, 1060 . . . . . . . . . . . . 36

Chavez v. City of Los Angeles (2010) 47 C4th 970, 985, 104 CR3d 710, 721 . . . 41

Christiansburg Garment Co. v. EEOC (1978) 434 US 412, 416–417, 98 S.Ct. 694,
    697–698 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

Cicero v. Borg-Warner Auto., Inc., 280 F.3d 579, 585 (6th Cir. Mich. 2002) . . . . . . 3

City of Auburn v. Qwest Corp., 260 F.3d 1160, 1172 (9th Cir.2001). . . . . . . . . . . 41

Cleveland v. Policy Management Systems Corp. (1999) 526 US 795, 803 . . . . . . 27

Cloud v. Casey (1999) 76 CA4th 895, 911–913 . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Colores v. Bd. of Trustees, 105 Cal. App. 4th 1293, 1314 . . . . . . . . . . . . . . . . . . . 5

Commodore Home Systems, Inc. v. Sup.Ct. (Brown) (1982) 32 C3d 211, 221, 185 CR
    270, 276 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Commodore Home Systems, Inc. v. Sup.Ct. (Brown) (1982) 32 C3d 211, 221 . . . . 6

Commodore Home Systems, Inc. v. Superior Court  (1982) 32
    Cal.3d 211, 220, 221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

County of Fresno v. Fair Employment and Housing Commission (1991) 226 Cal.App.3d
    1541, 1554 fn. 6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 33

Danjaq LLC v. Sony Corp., 263 F.3d 942, 962 (9th Cir. 2001 . . . . . . . . . . . . . . . 40

Department of Health Services v. Superior Court (2003) 31 Cal.4th 1026, 1042 . . 25

**Brown &**
**Lipinsky LLP**
**Attorneys At Law**
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

| | |
|---|---|
| 1 | EEOC v. Hacienda Hotel (9th Cir. 1989) 881 F2d 1504, 1518 . . . . . . . . . . . . . . . . 6 |
| 2 | Fishermen Against the Destruction of the Environment, Inc. v. Closter Farms, Inc.(11th |
| 3 | Cir. 2002) 300 F.3d 1294, 1296 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41 |
| 4 | Gambini v. Total Renal Care, Inc. (9th Cir. 2007) 486 F.3d 1087, 1093 . . . . . . . . . 3 |
| 5 | Granite State Ins. Co. v. Smart Modular Techs., Inc., 76 F.3d 1023, |
| 6 | 1027 (9th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40 |
| 7 | Gregory v. SCIE, LLC (9th Cir. 2003) 317 F3d 1050, 1052 . . . . . . . . . . . . . . . . 36 |
| 8 | Hawaiian Airlines, Inc. v. Norris (1994) 512 US 246, 261 . . . . . . . . . . . . . . . . 35 |
| 9 | Heckler v. Community Health Services of Crawford County, Inc., |
| 10 | 467 U.S. 51, 59 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26 |
| 11 | Horsford vs. Board of Trustees of California State University (2005) 132 Cal App 4th |
| 12 | 359, 374. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5 |
| 13 | Horsford v. Board of Trustees of Calif. State Univ. (2005) 132 CA4th 359, 394, 33 |
| 14 | CR3d 644, 671. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41 |
| 15 | Horsford, supra at 388 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6 |
| 16 | Horsford v. Board of Trustees of Calif. State Univ. (2005) 132 CA4th 359, 388 . . . 6 |
| 17 | Humphrey v. Memorial Hosps. Assn. (9th Cir. 2001) 239 F. 3d 1128, 1139-1140 . . 3 |
| 18 | Johnson v. Crown Enterprises, Inc. (5th Cir. 2005) 398 F3d 339, 344 . . . . . . . . . . 31 |
| 19 | Li v. Yellow Cab Co. (1975) 13 Cal.3d 804, 810 . . . . . . . . . . . . . . . . . . . . . 33 |
| 20 | Lowe v. Indep. Sch. Dist. No. 1, 363 Fed. Appx. 548, 555 (10th Cir. Okla. 2010) . . 5 |
| 21 | McKennon v. Nashville Banner Pub. Co. (1995) 513 U.S. 352, 362-363 . . . . . . . . 36 |
| 22 | McKennon v. Nashville Banner Publishing Co. (1995) 513 U.S. 352, 361-362. . . 39 |
| 23 | Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 518 F. Supp. 2d 1197, |
| 24 | 1223 (C.D. Cal. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28 |
| 25 | Malone v. Potter (C.D. Cal., Jan. 15, 2010, CV 07-05530 MMM FFMX) 2010 WL |
| 26 | 330252] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24,25 |

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1  Murillo v. Rite Stuff Foods, Inc. (1998) 65 Cal.App.4th 833, 847 . . . . . . . . . . . . 36

2  New Hampshire v. Maine, 532 U.S. 742, 121 S.Ct. 1808 (2001) . . . . . . . . . . . . . 26

3  Nordgren v. Burlington Northern R.R. Co. (8th Cir. 1996) 101 F3d 1246, 1252 . . 30

4  Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1495 (9th Cir.1995) . . . . . . . . . . . 24

5  Pacific Mut. Life Ins. Co. v. Haslip (1991) 499 US 1, 17 . . . . . . . . . . . . . . . . . . . 29

6  Parker v. 20th Century Fox Film Corp. (1970) 3 Cal. 3d 176, 181-82] . . . . . . . . . 24

7  Prilliman v. United Airlines, Inc. (1997) 53 Cal.App.4th 935, 954 . . . . . . . . . . . 4,38

8  Sias v. City Demonstration Agency, 588 F.2d 692, 696 (9th Cir.1978) . . . . . . . . 25

9  Survivor Productions LLC v. Fox Broad. Co., 2001 WL 35829270 . . . . . . . . . . . 28

10  Thomas v. Union Pac. R.R. Co. (8th Cir. 2002) 308 F3d 891, 893 . . . . . . . . . . . . 35

11  Turner v. Anheuser-Busch, Inc. (1994) 7 Cal.4th 1238, 1244-1245 . . . . . . . . . . . 5

12  TXO Production Corp. v. Alliance Resources Corp. (1993) 509 US 443, 458 . . . . 29

13  Tysinger v. Police Dep't of Zanesville, 463 F.3d 569, 573 (6th Cir. Ohio 2006) . . . 3

14  Union, United Auto., Aerospace & Agr. Implement Workers of America,

15     UAW v. Johnson Controls, Inc., (1991) 499 US 187, 197 . . . . . . . . . . . . . . 35

16  U.S. v. Kaczynski, 551 F.3d 1120, 1129 (9th Cir. 2009) . . . . . . . . . . . . . . . . . . 40

17  U.S. v. King Features Entm't, Inc., 843 F.2d 394, 399 (9th Cir. 1988) . . . . . . . . . 27

18  Vitagraph v. Liberty Theaters Co. of Cal.,197 Cal. 694 (1925) . . . . . . . . . . . . . . 24

19  Westinghouse Elect. v. Gen. Circuit Breaker, 106 F.3d 894,

20     899 (9th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40,41

21  White v. Ultramar, Inc. (1999) 21 C4th 563, 577 . . . . . . . . . . . . . . . . . . 6,7,28,37,38

22  Weeks v. Baker & McKenzie (1998) 63 CA4th 1128, 1148–1151 . . . . . . . . . . . . . 6

23  Yanowitz v. L.Oreal USA, Inc. (2005) 36 Cal. 4th 1028, 1054 . . . . . . . . . . . . . . . 4,5

24  Yeager v. Corr. Corp. of Am., 944 F. Supp. 2d 913, 931 . . . . . . . . . . . . . . . . . . . 28

25

26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**Statues**                                                              **Pages**

Cal. Gov't. C. § 12940(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Cal. Gov't. C. § 12940(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Cal. Gov't. C. § 12940(n) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3,4

Cal. Code Regs. tit. 2, § 11069.9(b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cal. Gov't. C. § 12940(h). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Cal. Gov't. C. § 12970 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Civ.C. § 3294(a), (b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,28

Cal. Gov't. C. § 12926(m) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Cal. Gov't. C. § 12965(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30,31,41

CCP § 335.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30,31

Cal. Gov't. C. § 12960(d). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Cal. Gov't. C. § 12960(b). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

Cal. Civ. C. § 3287. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41


**Rules**                                                                **Pages**

28 U.S.C. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

California Civil Jury Instructions (CACI) No. 2540 . . . . . . . . . . . . . . . . . . . . 3

CACI No. 2541 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

CACI 2542 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CACI No. 2505 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CACI No. 2432 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CACI Nos. 3902, 3903, 3903C, 3905, and 3905A . . . . . . . . . . . . . . . . . . . . . . 6

CACI No. 3945 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6,28

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

CACI No. 2407 ................................................ 24

FELA, 45 USC § 51 et seq. ..................................... 30

CACI 2545. .................................................. 34

Fed. R. Civ. P. 32(a)(3)? ...................................... 37

CACI Nos. 2432, 2433, 2505, 2540, 2541, 2542 (modified), 3900, 3902, 3903, 3903C,

       3905,3905A, and 3945 ................................... 40

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1    Pursuant to L.R. 16-4, Plaintiff, Simone Hill ("Plaintiff" or "Hill") hereby submits

2    her Memorandum of Contentions of Law and Fact.

## I.    INTRODUCTION

4    Simone Hill ("Plaintiff" or "Hill") was employed by National Railroad Passenger

5    Corporation, dba "Amtrak" ("Amtrak") from 1996 through October 1, 2013. During her

6    employment, Hill was an outstanding employee who consistently performed her job

7    responsibilities in a satisfactory manner. During her employment, Hill also suffered from

8    numerous physical disabilities that required reasonable accommodation. Specifically,

9    Hill suffered from diabetes since childhood, which eventually led to amputation of her

10   legs and nerve damage that has rendered her unable to control her bowel movements. She

11   is confined to a wheelchair. She has had multiple organ transplants. She is required to

12   ingest approximately 13 medications (22 pills) a day because of her various physical

13   conditions. In 2012, Hill suffered a stroke impairing her short term memory.

14   On November 14, 2011, Hill filed suit against Amtrak for failure to accommodate

15   her disabilities due to Amtrak's refusal to allow Hill to work from home. The lawsuit

16   was settled in April, 2013. Thereafter, Hill attempted to resume working from home for

17   Amtrak as a Reservations Sales Agent.

18   As is described below and will be proven at trial, upon Hill's return to work in

19   April, 2013, Amtrak unlawfully withdrew reasonable accommodations that had been in

20   effect for several years; deprived Hill of further reasonable accommodations; refused to

21   engage in the timely, good faith interactive process regarding the accommodation of her

22   disabilities; subjected Hill to unwarranted disciplinary proceedings regarding absences

23   related to and necessitated by her disabilities; and constructively terminated Hill's

24   employment.

25   ///

26   ///

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

1

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

**II.     THE PARTIES' CLAIMS AND DEFENSES [L.R. 16-4.1]**

This is a civil action concerning violations of several provisions of the California Fair Employment and Housing Act ("FEHA") by Amtrak related to Hill's employment with Amtrak and separation therefrom.   Jurisdiction is asserted under 28 U.S.C. § 1332(a).

**A.     HILL's CLAIMS AND ELEMENTS**

**1. Summary of Hill's Claims [L.R. 16-4.1(a), (b)]**

The First Amended Complaint alleges five counts for relief: 1) Disability Discrimination in Violation of FEHA; 2) Failure to Reasonably Accommodate in Violation of FEHA; 3) Failure to Engage in the Interactive Process in Violation of FEHA; 4) Retaliation in Violation of FEHA; and 5) Wrongful Constructive Termination in Violation of Public Policy.   Hill seeks economic and non-economic compensatory damages, punitive damages, statutory attorneys' fees, and costs of suit.

**a)     Claim 1:  Disability Discrimination in Violation of FEHA.**

Summary:     Amtrak violated *Cal. Gov't. C.* § 12940(a).

Elements:     Hill has the burden of proving that: (1) Amtrak knew that Hill had a physical disability or regarded Hill as having a physical disability; (2) That Hill was able to perform the essential job duties of her position with reasonable accommodation for her physical disabilities (was a qualified person); (3) That Amtrak subjected Simone Hill to an adverse employment action; (4) That Hill's physical condition or perceived physical condition was a substantial motivating reason for Amtrak's decision to subject Hill to adverse employment action; (5) That Hill was harmed; and (6) That Amtrak's conduct was a substantial factor in causing Hill's harm.

Conduct resulting from a disability is part of the disability and not a basis for adverse employment action.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

2

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1     Source:    California Civil Jury Instructions (CACI) No. 2540; *Tysinger v.*
2 *Police Dep't of Zanesville*, 463 F.3d 569, 573 (6th Cir. Ohio 2006); *Cicero v. Borg-*
3 *Warner Auto., Inc.*, 280 F.3d 579, 585 (6th Cir. Mich. 2002); *Gambini v. Total Renal*
4 *Care, Inc.* (9th Cir. 2007) 486 F.3d 1087, 1093; *Humphrey v. Memorial Hosps. Assn.* (9th
5 Cir. 2001) 239 F. 3d 1128, 1139-1140; *Borkowski v. Valley Cent. School Dist.* (2nd Cir.
6 1995) 63 F. 3d 131, 143.

7     **b)**    **Claim 2: Failure to Reasonably Accommodate in Violation of**
8         **FEHA.**

9     Summary:    Amtrak violated *Cal. Gov't. C.* § 12940(m).

10     Elements:    Hill has the burden of proving that: (1) Hill had a physical condition
11 that limited her ability to recall or retain information, to work outside of her home, and
12 to refrain from periodic absences necessitated by her disability; (2) Amtrak knew of
13 Hill's physical condition that limited her ability to recall or retain information, to work
14 outside of her home, and to refrain from periodic absences necessitated by her disability;
15 (3) Hill was able to perform her essential job duties with reasonable accommodation for
16 her physical condition (qualified person); (4) Amtrak failed to provide reasonable
17 accommodation for Hill's physical condition; (5) Hill was harmed; and (6) Amtrak's
18 failure to provide reasonable accommodation was a substantial factor in causing Hill's
19 harm.

20     Source:    CACI No. 2541.

21     **c)**    **Claim 3: Failure to Engage in the Interactive Process in**
22         **Violation of FEHA.**

23     Summary:    Amtrak violated *Cal. Gov't. C.* § 12940(n).

24     Elements:    Hill has the burden of proving that: (1) Hill had a physical condition
25 that was known to Amtrak <u>or</u> that Amtrak regarded Simone Hill as having a physical
26 condition; (2) Hill requested that Amtrak make reasonable accommodation for her

**Brown &**
**Lipinsky LLP**
**Attorneys At Law**
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

3

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

physical condition so that she would be able to perform the essential job functions <u>or</u> that Amtrak otherwise became aware of the need for an accommodation through a third party or by observation; (3) Hill was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements; (4) Amtrak failed to participate in a timely good faith interactive process with Hill to determine whether reasonable accommodation could be made; (5) Hill was harmed; and (6) Amtrak 's failure to engage in a good-faith interactive process was a substantial factor in causing Hill's harm.

<u>Source</u>: CACI 2542; Govt. Code § 12940(n); Cal. Code Regs. tit. 2, § 11069.9(b)(2); *Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935, 954.

**d)   Claim 4: Retaliation in Violation of the FEHA.**

<u>Summary</u>:   Amtrak violated *Cal. Gov't. C.* § 12940(h).

<u>Elements</u>:   Hill has the burden of proving that: (1) Hill filed a previous lawsuit alleging failure to reasonably accommodate her disabilities <u>or</u> Hill requested reasonable accommodation for her disabilities <u>or</u> Hill protested what she reasonably and in good faith believed to be Amtrak's failure to provide reasonable accommodation for her disabilities; (2) Amtrak subjected Hill to adverse employment action;[1] (3) Hill's filing of a previous lawsuit alleging failure to reasonably accommodate <u>or</u> her request for reasonable accommodation for her disabilities <u>or</u> her protest to what she reasonably and in good faith believed to be Amtrak's failure to provide reasonable accommodation for her disabilities was a substantial motivating reason for Amtrak's decision to subject Hill to adverse employment action; (4) Hill was harmed; and (5) Amtrak's conduct was a substantial factor in causing Hill's harm.

---

[1]"Adverse Employment Action" is defined as conduct by the employer that materially affects the terms, conditions or privileges of the employee's employment in some negative way. *Yanowitz v. L.Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1054.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

4

1       Source: CACI No. 2505; *Yanowitz v. L.Oreal USA, Inc.* (2005) 36 Cal. 4th 1028,

2 1054; *Horsford vs. Board of Trustees of California State University* (2005) 132 Cal App

3 4th 359, 374.

4      **e)**      **Claim 5: Constructive Termination in Violation of Public Policy.**

5       Summary:    Amtrak constructively terminated Hill's employment in Violation of

6 Public Policy.

7       Elements:    Hill has the burden of proving: (1) That Hill was subjected to working

8 conditions at Amtrak that violated public policy, in that Hill was treated intolerably[2]

9 because of her disabilities <u>or</u> in retaliation for filing a prior lawsuit for failure to

10 reasonably accommodate <u>or</u> for requesting reasonable accommodation for her disabilities

11 <u>or</u> in retaliation for protesting what she reasonably and in good faith believed to be

12 Amtrak's failure to provide reasonable accommodation for her disabilities; (2) That

13 Amtrak intentionally created or knowingly permitted these working conditions; (3) That

14 these working conditions were so intolerable that a reasonable person in Hill's position

15 would have had no reasonable alternative except to resign; (4) That Hill resigned

16 because of these working conditions; (5) That Hill was harmed; and (6) That the working

17 conditions were a substantial factor in causing Hill's harm.

18       Source:   CACI No. 2432; *Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238,

19 1244-1245 ; *Colores v. Bd. of Trustees*, 105 Cal. App. 4th 1293, 1314; see *Lowe v.*

20 *Indep. Sch. Dist. No. 1*, 363 Fed. Appx. 548, 555 (10th Cir. Okla. 2010).

21      **f)**      **Prayer for Relief – Compensatory damages:**

22       Summary: Hill seeks past and future compensatory damages (economic and non-

23 economic) for Amtrak's violations of the FEHA and unlawful actions resulting in her

24 constructive termination in violation of public policy.

---

25      [2]To be intolerable, the adverse working conditions must be unusually or repeatedly offensive to

26 a reasonable person in Simone Hill's position. *Turner v. Anheuser-Busch, Inc.* (1994) 7 Cal.4th 1238, 1244-1245 ; *Colores v. Bd. of Trustees*, 105 Cal. App. 4th 1293, 1314.

**Brown &
Lipinsky LLP
Attorneys At Law**
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

5

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1      <u>Elements</u>:    Hill is entitled to past loss of earnings and benefits up through time

2  of trial, future loss of earnings and benefits up through retirement (age 67), and past and

3  future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety,

4  humiliation, and emotional distress.

5      <u>Source</u>: CACI Nos. 3902, 3903, 3903C, 3905, and 3905A; *Horsford v. Board of*

6  *Trustees of Calif. State Univ.* (2005) 132 CA4th 359, 388 (Backpay represents the

7  amount of compensation plaintiff would have earned but for the discrimination,

8  measured from the time of the adverse action until trial); See *EEOC v. Hacienda Hotel*

9  (9th Cir. 1989) 881 F2d 1504, 1518 (Backpay generally includes not only lost wages or

10  salary but also other benefits lost during the period in question); *Horsford, supra* at 388

11  (Front pay may be awarded for the period between judgment and reinstatement or in lieu

12  of reinstatement. It may also be based on a wage differential over the course of plaintiff's

13  working life); *Commodore Home Systems, Inc. v. Sup.Ct. (Brown)* (1982) 32 C3d 211,

14  221, 185 CR 270, 276 (all relief generally available in noncontractual actions may be

15  awarded in civil action under FEHA); *See* Cal. Gov't. C. § 12970; *Bihun v. AT & T*

16  *Information Systems, Inc.* (1993) 13 CA4th 976, 995, 997 (past and future emotional

17  distress damages may be awarded under FEHA).

18      **g)**    **Prayer for Relief – Punitive damages:**

19      <u>Summary</u>:  Hill seeks punitive damages in an amount according to proof at trial

20  for Amtrak's malicious, oppressive and/or fraudulent violations of the FEHA and

21  constructive termination of Hill's employment in violation of public policy in conscious

22  disregard of Hill's rights.

23      <u>Source</u>: CACI No. 3945; Civ.C. § 3294(a), (b); *Commodore Home Systems, Inc.*

24  *v. Sup.Ct. (Brown)* (1982) 32 C3d 211, 221 (specifically authorizing recovery of punitive

25  damages in civil FEHA actions); *Cloud v. Casey* (1999) 76 CA4th 895, 911–913; *Weeks*

26  *v. Baker & McKenzie* (1998) 63 CA4th 1128, 1148–1151; *White v. Ultramar, Inc.* (1999)

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

6

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

21 C4th 563, 577.

## 2. Key Evidence in Support of Hill's Claims [L.R. 16-4.1(c)]

### a)    Claim 1:  Disability Discrimination in Violation of FEHA.

Hill will introduce the following categories of evidence establishing that Amtrak discriminated against Hill because of her disabilities:

- *Disability:*  Hill is a disabled person, in that she has physiological conditions affecting several body systems that limit the major life activities of walking, utilizing short-term memory, defecating, eating, and working. *Cal. Gov't. C.* § 12926(m).  She suffered from diabetes since childhood, which eventually led to amputation of her legs and nerve damage that has rendered her unable to control her bowel movements.  She is confined to a wheelchair.  She has had multiple organ transplants.  She is required to ingest approximately 13 medications (22 pills) a day because of her various physical conditions.  In 2012, Hill suffered a stroke that has impaired her short-term memory.  These assertions of fact will be supported by the testimony of Hill, her treating physicians (John Robertson, M.D, Galen Huang, M.D., and Ronald Offenstein, Ph.D.), and Amtrak's expert witness, Annette Swain, Ph.D.

- *Awareness of Disability:*  Managers and managing agents employed by Amtrak were aware of Hill's disability and regarded her as disabled. Dianne Pitts, Rita Crozier, Aku Omanike, and Denyse Nelson -Burney were each aware of and believed that Hill was a disabled person who needed to work from home, was missing both of her legs, was confined to a wheelchair, and suffered from a stroke impairing her short-term memory.

These assertions of fact will be supported by the testimony of Hill, Pitts, Crozier, Omanike, and Nelson-Burney,   as well as emails and Amtrak internally-generated documents concerning Hill's disabilities and limitations related thereto.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

7

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1    ●    *Qualified Person:* Between April 24, 2013 and October 1, 2013, Hill was

2 a qualified person with a disability, in that she was able to perform the essential

3 functions of her job with accommodations. Up to the date of Hill's constructive

4 termination, her job performance was satisfactory and Amtrak had no stated plans

5 to terminate her employment.

6 These assertions of fact will be supported by the testimony of Hill, Omanike,

7 Pitts, Robertson, Offenstein, and Swain, as well as emails from Omanike to Hill

8 regarding Hill's job performance.

9    ●    *Adverse Employment Action and Substantial Motivating Reason:* Shortly

10 after Pitts came to Hill's home in late April, 2013, she wrote Hill a letter

11 discussing her accommodations. Callously referring to Hill's disability-

12 necessitated use of leave as "at random," Pitts went on to state that she had

13 spoken with Amtrak's ADA panel, and that the only accommodation in place

14 for her disabilities was the ability to work from home. In other words, Hill no

15 longer had any accommodations to take time "off phone" to tend to her medical

16 needs or to take full day absences as necessitated by her disabilities. The letter

17 further invited Hill to reinvent the wheel by going through the same onerous

18 and bureaucratic accommodations process she had spent years prior doing to

19 obtain these accommodations in the first instance. Hill was stunned, as no one

20 had informed her that she had lost these accommodations upon her return to

21 work. Hill was therefore forced to spend the first month of her difficult

22 transition back to work fighting for accommodations that had already been

23 granted to her. During this time, Hill was informed that she was accruing

24 "occurrences" for full days and off-phone time she was spending related to her

25 disabilities. Hill first called Yvette Perkins, who was in charge of ADA

26 recordkeeping at the Riverside Call Center when Hill had last worked in 2012.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

8

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Perkins informed Hill that all of her previously granted accommodations should be in place, and that the only person who can revoke these is her doctor. Hill next drafted an email to Amtrak's Medical Services requesting that her accommodations be reinstated.

One month later, on May 24, 2013, ADA Panel member Karen Broadwater replied to Hill informing her that, contrary to Pitts's April 24, 2013 letter, Hill's prior accommodations were all in place and had not been revoked. However, on August 1, 2013, Broadwater clarified her remarks by stating to Hill in an email that any time spent "off phone" to tend to her disabilities would now be unpaid. This resulted in the revoking of Hill's previous accommodations, in effect since 1998, that permitted Hill to be paid for time "off phone" for medical needs that lasted no more than 15 minutes.

These assertions of fact will be supported by the testimony of Hill, Pitts, Perkins, Crozier, and Broadwater, as well as emails and Amtrak internally-generated documents concerning Hill's disabilities and accommodations related thereto.

● *Adverse Employment Action and Substantial Motivating Reason*: While Hill worked from home, she and her Supervisor Omanike were required to communicate regarding various routine issues. Due to the fact that Hill did not work in the office, Omanike did not have the luxury of providing Hill with documents in the same manner that she could with other agents she supervised. Omanike therefore sent documents to Hill in Excel format to review and discuss. Omanike informed Pitts that it was essentially for purposes of communication, and to ensure that Hill received the same benefits of communication as other sales agents, that she have Excel on her computer. Despite this, according to Omanike, Pitts intentionally chose to

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

uninstall Excel from Hill's computer. This deprived Hill of the ability to effectively communicate with her supervisor regarding important documents. Despite Omanike's pleas to Pitts to reinstall the program, Pitts did not do so for approximately two months.

These assertions of fact will be supported by the testimony of Hill and Omanike, as well as emails related to the need for accommodation.

● *Adverse Employment Action and Substantial Motivating Reason*: During this time period, it also became clear to Amtrak through observation that Hill was having difficulties retaining company policies, and that she could benefit from more training. On July 5, 2013, Crozier wrote a letter to Pitts stating: "Apparently [Hill] is still struggling with policies and RailRes functions which may be a result of her stroke." In response, Pitts only proposed more training at the Riverside Call Center, a location Pitts already knew that Hill was precluded from working due to her accommodations. Omanike also asked Pitts to provide Hill with more training. Pitts refused however, stating that Hill had received "the same training anybody else coming back to work would receive." These assertions of fact will be supported by the testimony of Hill, Pitts, Omanike, and Crozier, as well as emails and Amtrak internally-generated documents concerning Hill's disabilities and need for accommodations related thereto.

● *Adverse Employment Action and Substantial Motivating Reason*: Once Hill returned to work, she continued to periodically require absences related to her disabilities. On those occasions, she did what she had always done in the past without incident. She called the automated call number and reported her absences as either "Sick-Paid," "Sick-Unpaid" or "ADA" interchangeably. All of these absences were related to her disabilities.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

These assertions of fact will be supported by the testimony of Hill, as well as emails and Amtrak internally-generated documents concerning Hill's disabilities and accommodations related thereto.

● *Adverse Employment Action and Substantial Motivating Reason*: On July 18, 2013, Hill was served at her home during work hours with a Notice of Intent to Impose Discipline ("Notice") for violating Amtrak's National Attendance Policy when she took "Unpaid-Sick" absences for the days of July 13, 2013 and July 14, 2013. These absences were in fact necessitated by her disabilities, which caused Hill to miss July 10, 2013 through July 14, 2013. Hill's supervisor, Omanike was so concerned about her well being during this time that she sent an email to Hill inquiring as to her well-being.

These assertions of fact will be supported by the testimony of Hill, Pitts, Charlena Powell, Gerald Powell, Robertson, and Omanike, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

● *Adverse Employment Action and Substantial Motivating Reason*: Hill's Notice of Intent to Impose Discipline stated that she was being charged with violating Amtrak's National Attendance Policy by being absent on July 13, 2013 and July 14, 2013. Amtrak's National Attendance Policy states, in relevant part, that "[i]t addresses the performance of employees who do not meet minimum standards through counseling and, as a last resort, discipline." Amtrak's Policy for Handling Formal Discipline states, in relevant part, that "[f]or cases involving minor infractions and a clear service record, counseling is recommended to change employee behavior." Amtrak's Counseling and Discipline Guideline Summary states that "[e]xcept for serious infraction where discipline may be necessary, counseling should first be used to change

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

behavior." Amtrak admitted that Hill had a clear service record in July of 2013.

These assertions of fact will be supported by the testimony of Hill, Pitts, Nelson-Burney, Crozier, Sal Rodriguez, Gerald Powell, and Omanike, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

● *Adverse Employment Action and Substantial Motivating Reason*: Despite the clear directives contained in Amtrak's policies, Pitts chose to proceed straight to the "last resort" of pursuing discipline and bypass the recommended measures of counseling. Pitts chose to do so knowing the confusion that had resulted from her initial denial of Hill's accommodations, the existence of Hill's memory problems, and the fact that she failed to inform Hill of how she should report her absences without incurring occurrences. Pitts further chose to institute the most heavy-handed available response to Hill's absences without attempting to ascertain from Hill whether the absences were necessitated by her disability and without speaking with Hill's immediate supervisor, who was in fact unaware that Hill had been issued a Notice of Intent to Impose Discipline until Hill informed her of that fact. In sum, Pitts failed to follow Amtrak's own policies in taking a measured and informed response to Hill's supposed transgressions.

These assertions of fact will be supported by the testimony of Hill, Pitts, Nelson-Burney, Crozier, Rodriguez, and Omanike, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

● *Adverse Employment Action and Substantial Motivating Reason*: Once an employee is issued a Notice of Intent to Impose Discipline, the

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Transportation Communications Union ("Union") is notified of the charges. In this case, local chairman Sal Rodriguez was assigned to Hill's case. Rodriguez had known Hill for some time, was aware she was disabled, and was aware of her most recent battle to receive accommodations. Hill informed Rodriguez that her absences were related to her disabilities, and therefore were covered by her existing accommodations. Rodriguez therefore approached Pitts on multiple occasions and requested that the charges be withdrawn. According to Rodriguez, when charges are brought they are routinely withdrawn without further incident. Further, Pitts could have corrected any coding mishaps that were caused by Hill's adherence to procedures accepted in the past and her short-term memory problems. However, Pitts refused to withdraw the discipline, claiming that she going to treat Hill like "everybody else" and that Amtrak's legal counsel had directed her not to withdraw the discipline. As it turns out, the Notice of Intent to Impose Discipline was ratified by Nelson-Burney, the very Amtrak in-house attorney who oversaw the litigation of Hill's prior case. At the time Burney ratified the Notice, she was aware that Hill had suffered a stroke and had experienced memory problems.

These assertions of fact will be supported by the testimony of Hill, Pitts, Nelson-Burney, Offenstein, Robertson, and Rodriguez, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

● *Adverse Employment Action and Substantial Motivating Reason*: The Notice of Intent Hearing took place on July 30, 2013. Hill and Sal Rodriguez participated, along with Amtrak's Charging Officer Mike Eisenberg. Eisenberg was supervised by and reported to Pitts. Before these hearings, it

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

was customary for Pitts and Eisenberg to discuss a plea or "Waiver" that would be offered to the employee. During the Notice of Intent Hearing, Hill informed Amtrak's Charging Officer Mike Eisenberg that her absences for which she was being charged were necessitated by her disabilities. Despite this knowledge, and despite the fact that Amtrak's own policies called for only counseling in these instances, Eisenberg informed Hill that he would only forego proceeding with a Formal Disciplinary Proceeding at the Riverside Call Center if Hill would agree to accept a written letter of reprimand admitting guilt that would be placed in her personnel file, along with a promise that she would have no more occurrences for nine months, lest she be subject to termination. Hill knew that her absences for which she was being charged were related to her disabilities. She therefore refused Eisenberg's offer.

These assertions of fact will be supported by the testimony of Hill, Pitts, Nelson-Burney, Eisenberg, and Rodriguez, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

● *Adverse Employment Action and Substantial Motivating Reason*: As a result, on July 30, 2013 Amtrak delivered a Notice of Formal Investigation to her home. The Formal Investigation hearing was to take place on August 6, 2013 at the Riverside Call Center, in direct violation of her accommodation to work from home and contrary to what she physically could manage given her disabilities. In Eisenberg's and Pitt's zealousness to prosecute, Eisenberg prepared scripts of q u e s t i o n s  a n d  a n s w e r s  f o r witnesses (which included Pitts) to recite at the upcoming hearing. The scripts did not only predetermine Hill's guilt, they went further to characterize Hill's actions as knowing attempts to receive pay when she

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

was not entitled to it, a very serious charge. This was included despite the fact that the specific absences for which Hill was being charged were "Sick-Unpaid."

These assertions of fact will be supported by the testimony of Hill, Pitts, Rodriguez, and Eisenberg, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

● *Harm:* On July 18, 2012, Hill's physician John Robertson, M.D. recommended that Hill go out on disability due to the stress Amtrak's treatment of her caused. However, having fought for years for the right to work with accommodation and viewing her job as the most meaningful and important component of her life, Hill wanted to give Amtrak more time to honor her needed accommodations. Simply put, Hill wanted to work. Regrettably, as this discipline campaign continued, Hill was becoming increasing frustrated. Her frustration quickly evolved into more frequent bouts of confusion, memory lapses, intense headache, numbness in her upper extremity, anxiety, sleeplessness, bowel upset, and crying spells.

These assertions of fact will be supported by the testimony of Hill, Omanike, Rodriguez, Offenstein, and Robertson, as well as emails and medical records concerning Hill's state of emotional and physical state.

● *Adverse Employment Action and Substantial Motivating Reason:* As this aggressive disciplinary crusade was transpiring, Rodriguez passed along word of her situation to the Union official, Larry Jones. On August 21, 2013, the Union sent a letter signed by International President Robert Scardelletti and addressed to Amtrak's CEO Joseph Boardman addressing Hill's struggles. Hill was copied on the letter. The letter stated complaints of failure to accommodate

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

and retaliation, and urged CEO Boardman to "personally look into the matter and remedy it." The letter was referred to Nelson-Burney for response, as she was the attorney who handled Hill's recently-closed past litigation. Burney understood that the letter was alleging that Hill was being retaliated against. She further understood that California law required Amtrak to _promptly_ investigate all complaints of retaliation, and was aware that it was Amtrak's policy to do so. She also, however, took the letter as a "union rant" and a personal attack on her character, even though the letter made no mention of her personally. She further believed that the letter did not give rise to "anything to investigate," and characterized the letter as "not of paramount importance." She therefore waited until October 23, 2013 to draft a response. In the meantime, Hill operated under a temporary false sense of hope that her concerns would finally be addressed and disciplinary proceedings would be terminated. Burney eventually spoke to Pitts for no more than a half an hour, letting Pitts know that she would be responding to Scardelletti's allegations that Hill had been treated horribly. Burney did not speak to anyone else at the Riverside Call Center about the letter. She notably failed to speak with Omanike about the letter. She also never spoke with Hill about the letter, never asked Hill about the nature of her absences for which she was being disciplined, and never advised Hill regarding the status of her "investigation."

These assertions of fact will be supported by the testimony of Hill, Pitts, Nelson-Burney, Rodriguez, Omanike, and Scardelletti, as well as emails and Amtrak internally-generated documents concerning Amtrak's investigation procedures and investigation into allegations of discrimination by Hill.

- _Harm:_ By September, 2013, two months had passed since Hill's

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

disciplinary proceedings had been initiated, and weeks had passed without any response to Scardelletti's letter. In fact, the only communication Hill had from Amtrak regarding her accommodations were from Broadwater, who on August 1, 2013 revoked Hill's previous accommodation to be permitted to take up to 15 minutes of off phone time to tend to her disabilities with pay. Hill's physical symptoms were intensifying in an alarming fashion. On September 11, 2012, Hill suffered another intense headache and numbness in her upper extremity. She saw Dr. Robertson, who told her that she needed to go on disability, as Amtrak's treatment of her had potentially put her in jeopardy of having another stroke. Having to choose between her livelihood and her life, on September 17, 2013, Hill sent an email giving her notice of intent to resign. In the email, Hill wrote: "I do find that the same fight over accommodation is too heavy to bear (accommodations fought for and won, by yet refused), is all too much." Providing Amtrak with one final chance to address her accommodation issues, Hill made her resignation effective after two weeks of notice. However, Amtrak failed to contract Hill after receipt of her September 17, 2013 email regarding the contents of the email.

These assertions of fact will be supported by the testimony of Hill, Robertson, Nelson-Burney, and Offenstein. as well as emails, Amtrak internally-generated documents, and medical records concerning Hill's resignation and physical and emotional state.

● *Substantial Motivating Reason*: All absences for which Hill was being subject to discipline were necessitated by and related to her disabilities. Furthermore, no one involved in the disciplinary process ever told Hill during her employment that she was being subject to discipline for entering in a "wrong code." Even if that were true, the ability to recall and enter specific codes

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

necessarily implicates Hill's short-term memory, which was impaired as a result of her stroke.

These assertions of fact will be supported by the testimony of Hill, Pitts, Nelson-Burney, Offenstein, Robertson, Eisenberg, and Rodriguez, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

  b)    **Claim 2: Failure to Reasonably Accommodate in Violation of FEHA.**

Hill will introduce the following categories of evidence establishing that Amtrak failed to reasonably accommodate Hill's disabilities:

●      Hill incorporates by reference and refers the court to the portions of Sections II(A)(2)(a) that are entitled *Disability, Awareness of Disability, Qualified Person,* and *Harm* as categories of evidence that establish those same elements of Hill's second cause of action for Failure to Reasonably Accommodate in Violation of FEHA.

●      *Failure to Reasonably Accommodate*: Hill requested that Amtrak make modifications to its attendance policy to allow her to perform the essential functions of her job, including terminating the existing unwarranted disciplinary action being brought against her. Amtrak refused to do so.

These assertions of fact will be supported by the testimony of Hill, Pitts, Omanike, Nelson-Burney, Scardelletti, and Rodriguez, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

●      *Failure to Reasonably Accommodate*: Hill required certain widely-utilized software programs (e.g. Excel) to be installed on her computer to allow her to

18

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

communicate effectively with her Supervisor, which Pitts was made aware of by Omanike. Amtrak unreasonably delayed the installation of this software.

These assertions of fact will be supported by the testimony of Hill, Pitts, and Omanike, as well as emails regarding the need for the software and installation related thereto.

- *Failure to Reasonably Accommodate*: Hill required the ability to perform all her work from home, including attending training sessions and meetings regarding discipline. Amtrak refused to provide certain training at Hill's home and threatened to proceed with a mandatory disciplinary hearing occuring away from Hill's home.

These assertions of fact will be supported by the testimony of Hill, Pitts, Crozier, Omanike, Charlena Powell, Eisenberg, and Rodriguez, as well as emails and Amtrak internally-generated documents concerning Amtrak's disciplinary procedures and Hill being subject to discipline.

- *Failure to Reasonably Accommodate*: Hill requested that accommodations which had already been granted remain in place, such as the ability to call off work without disciplinary reprocussions for absences related to her disabilities. Amtrak informed Hill that certain accommodations she had were no longer in effect, and refused to honor such accommodations for an appreciable period of time.

These assertions of fact will be supported by the testimony of Hill, Pitts, Perkins, Omanike, Charlena Powell, Scardelletti, Nelson-Burney, and Rodriguez, as well as emails and Amtrak internally-generated documents concerning Hill's accommodations and need therefor.

/ / /

/ / /

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

19

  **c)** **Claim 3: Failure to Engage in the Interactive Process in Violation of FEHA.**

Hill will introduce the following categories of evidence establishing that Amtrak failed to timely engage in the good faith interactive process with Hill:

•  Hill incorporates by reference and refers the Court to the portions of Sections II(A)(2)(a) that are entitled *Disability, Awareness of Disability,* and *Harm* as categories of evidence that establish those same elements of Hill's third cause of action for Failure to Engage in the Interactive Process in Violation of FEHA.

•  Hill incorporates by reference and refers the Court to the portions of Sections II(A)(2)(b) that are entitled *Failure to Reasonably Accommodate* as categories of evidence that establish the element of <u>Hill's requests for accommodations</u> or <u>Amtrak's awareness of Hill's need for accommodation</u> re: Hill's third cause of action for Failure to Engage in the Interactive Process in Violation of FEHA.

•  Hill incorporates by reference and refers the Court to the portions of Sections II(A)(2)(a) that are entitled *Adverse Employment Act and Substantial Motivating Reason* as categories of evidence to establish the elements of <u>Hill's willingness to engage in the interactive process</u> and <u>Amtrak's failure to engage in the timely, good faith intereactive process</u> re: Hill's third cause of action for Failure to Engage in the Interactive Process in Violation of FEHA.

  **d)** **Claim 4: Retaliation in Violation of FEHA.**

Hill will introduce the following categories of evidence establishing that Amtrak retaliated against Hill because she engaged in activity protected under FEHA:

•  Hill incorporates by reference and refers the court to the portions of Sections II(A)(2)(a) that are entitled *Adverse Employment Action and Motivating*

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

20

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

*Reason* and *Harm* as categories of evidence that establish those same elements of Hill's fourth cause of action for Retaliation in Violation of FEHA.

● Hill incorporates by reference and refers the Court to the portions of Sections II(A)(2)(b) that are entitled *Failure to Reasonably Accommodate* as categories of evidence that establish the element of <u>Hill's protected activity</u> re: Hill's fourth cause of action for Failure to Engage in the Interactive Process in Violation of FEHA.

● *Protected Activity*: On November 14, 2011, Hill filed suit against Amtrak for failure to accommodate her disabilities due to Amtrak's refusal to allow Hill to work from home. The lawsuit was settled in April, 2013.

These assertions of fact will be supported by the testimony of Hill, Scardelletti, Nelson-Burney, and Rodriguez, as well as Hill's 2011 Complaint for Damages.

● *Protected Activity*: Between April 24, 2013 and September 17, 2013, Hill made several complaints to Omanike and Pitts about Amtrak's failure to provide her with accommodations that had been previously provided to her. In addition, Scardelletti complained in writing to Amtrak CEO Boardman that Hill was not being properly accommodated and that she was being retaliated against.

These assertions of fact will be supported by the testimony of Hill, Pitts, Scardelletti, Nelson-Burney, Omanike, and Rodriguez, as well as emails, Amtrak's internal documents regarding Hill's accommodations and need therefor, and correspondance between Scardelletti, Boardman, and Burney.

e)     **Claim 5: Wrongful Constructive Termination in Violation of Public Policy.**

Hill will introduce the following categories of evidence establishing that Amtrak constructively terminated Hill's employment:

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

- Hill incorporates by reference and refers the court to all portions of Sections II(A)(2)(a), (b), (c), and (d) as categories of evidence that establish the elements of <u>Amtrak violating public policy</u> and <u>Amtrak intentionally creating or knowingly permitting working conditions that were so intolerable that a reasonable person in Hill's position would have had no reasonable alternative except to resign</u> re: Hill's fifth cause of action for Wrongful Termination in Violation of Public Policy.

- Hill incorporates by reference and refers the court to the portions of Sections II(A)(2)(a) that are entitled *Harm* as categories of evidence that establish that same element of Hill's fifth cause of action for Wrongful Termination in Violation of Public Policy.

### f) Prayer for Relief – Compensatory damages.

Hill will introduce the following categories of evidence establishing that Hill suffered compensatory damages:

- Hill is entitled to past loss of earnings and benefits up through April 30, 2015 in the amount of $107,438.[3] Hill is entitled to future loss of earnings and benefits up through July 31, 2030 (age 67) in the amount of $1,126,940.

These assertions of fact will be supported by the testimony of Hill and Tamarah Hunt, Ph.D., as well as by documents generated by Amtrak regarding Hill's salary and benefits.

- Hill is also entitled to past and future mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress according to proof at trial. Hill incorporates by reference and refers the court to the portions of Sections II(A)(2)(a) that are entitled *Harm* as categories of evidence that

---

[3]Plaintiff's expert economist's report was generated on 4/30/2015. At trial, past loss of earnings will reflect an amount calculated up to the time of her testimony.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

22

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

establish Hill suffered past mental suffering, loss of enjoyment of life, inconvenience, grief, anxiety, humiliation, and emotional distress, and will continue to suffer such damages in the future.

These assertions of fact will be supported by the testimony of Hill, Omanike, Rodriguez, Robertson, and Offenstein, as well as by emails, medical records, and journal entries.

### g) Prayer for Relief – Punitive damages.

Hill will introduce the following categories of evidence establishing that Amtrak should be subject to punitive damages:

• Hill incorporates by reference and refers the court to all portions of Sections II(A)(2)(a), (b), (c), and (d) as categories of evidence that Amtrak's unlawful treatment of Hill was done with malice, oppression, and fraud, and in conscious disregard for Hill's rights under FEHA.

• The malicious, oppressive, and fraudulent acts committed against Hill were perpetrated and/or ratified by Pitts and Burney. Both Pitts and Burney were managing agents of Amtrak in that they each exercise substantial authority to interpret, influence, and/or create fundamental corporate policy.

These assertions of fact will be supported by the testimony of Hill, Omanike, Rodriguez, Pitts, Gerald Powell, Eisenberg, and Burney, as well as by emails and internal Amtrak documents discussing or reflecting the respective authority of Burney and Pitts.

### 3. Amtrak's Affirmative Defenses [L.R. 16-4.1(d), (e), (f)]

### a) First Affirmative Defense ("Failure to State Cause of Action"):

<u>Summary</u>: Amtrak contends that Plaintiff's First Amended Complaint for Damages fails to state facts sufficient to constitute a claim upon which relief can be granted.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

23

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Elements: "Failure to State a Cause of Action" is not a proper affirmative defense, but, rather asserts a defect in Hill's prima facie case that is more properly brought by motion.

Source: *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,* 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010).

Evidence in Opposition: Hill has asserted in her Complaint facts sufficient to constitute claims upon which relief can be granted for each cause of action pled. Hill has in fact succesfully set forth in detail why such facts are sufficient in her Opposition to Defendant Amtrak's Motion for Summary Judgment, or in the alternative, Partial Summary Judgment. Amtrak has not made any other motion to assert any defects in Hill's First Amended Complaint.

### b) Second Affirmative Defense ("Failure to Mitigate"):

Summary: Amtrak contends that Hill failed to "take reasonable steps to mitigate and/or avoid her damages."

Elements: Amtrak bears the burden of proving that: (1) substantially similar work was available to Hill; (2) that Hill failed to make reasonable efforts to seek such employment; and (3) the amount of earnings she would have earned had she made reasonable efforts to mitigate.

Source: CACI No. 2407.

Evidence in Opposition: It is Amtrak's burden of proof to establish that Hill failed to mitigate her damages. [Parker v. 20th Century Fox Film Corp. (1970) 3 Cal. 3d 176, 181-82]. A general argument that the amount of future earnings claimed by Hill is too high, without more, is insufficient as a matter of law. [Odima v. Westin Tucson Hotel, 53 F.3d 1484, 1495 (9th Cir.1995); Malone v. Potter (C.D. Cal., Jan. 15, 2010, CV 07-05530 MMM FFMX) 2010 WL 330252; Vitagraph v. Liberty Theaters Co. of Cal.,197 Cal. 694 (1925): where the defendant produces *no* evidence on the issue of mitigation, the finding

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

24

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

1 must be against the defendant on that issue]. If Amtrak fails in its burden, then Hill must
2 receive an award for all future earnings she reasonably establishes through her testimony
3 and/or that of her expert economist. [Id. at 699-700; Sias v. City Demonstration Agency,
4 588 F.2d 692, 696 (9th Cir.1978); Malone v. Potter (C.D. Cal., Jan. 15, 2010, CV 07-
5 05530 MMM FFMX) 2010 WL 330252].

6      Amtrak has not proffered any evidence in its initial disclosures, expert disclosures,
7 or formal discovery responses showing that substantially similar work was available to
8 Hill at the time she was constructively terminated. Nor has Amtrak set forth in any
9 fashion the amount of earnings Hill would have earned had she made reasonable efforts
10 to mitigate. This defense therefore fails as a matter of law and should be dismissed by the
11 Court before the jury is instructed.

12      **c)**    **Third Affirmative Defense ("Avoidable Consequences"):**

13     <u>Summary</u>:   Amtrak contends that Hill "unreasonably failed to take advantage on
14 a timely basis of any preventative or corrective safeguards" provided by Amtrak or
15 otherwise to avoid harm.

16     <u>Elements</u>: Amtrak is required to prove that: 1) it took all reasonable steps to prevent
17 and correct discrimination and retaliation; 2) Plaintiff unreasonably failed to avail herself
18 of these preventative procedures; and 3) had she done so, she could have avoid some of
19 her harm.

20     <u>Source</u>: *Department of Health Services v. Superior Court* (2003) 31 Cal.4th 1026,
21 1042.

22     <u>Evidence in Opposition</u>:   Amtrak's defense will fail factually because: (1) Hill
23 explained her need for accommodations and disabilities to her managers but was not
24 properly accommodated; (2) Hill made numerous complaints to her managers about
25 Amtrak's unlawful actions without any results; (3) The International President of Hill's
26 Union, Robert Scardelletti made a complaint in writing to Amtrak's CEO alleging failure

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

25

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

to accommodate without any meaningful results; (4) Amtrak deviated from its own written policies in initiating disciplinary action against Hill; and (5) Amtrak was aware through Hill, as well as through observation, of Hill's need for accommodation but failed to timely initiate or engage in a meaningful, good faith interactive process.

### d) Fourth Affirmative Defense ("Estoppel"):

Summary: Amtrak contends that Hill's claims are "bared in whole or in part by the equitable doctrine of estoppel."

Elements: Amtrak has the burden to establish the equitable defense of <u>factual</u> estoppel by proving that: 1) Hill has presented a factual position which is inconsistent with a factual position previously asserted by her, 2) that was reasonably relied upon by Amtrak, 3) to Amtrak's detriment.

Amtrak has the burden to establish the equitable defense of <u>judicial</u> estoppel by proving that Hill has presented a legal position which is inconsistent with a previously and successfully asserted legal position in a prior proceeding.

Source: *Heckler v. Community Health Services of Crawford County, Inc.*, 467 U.S. 51, 59 (1984) (citing Restatement (Second) of Torts § 894 (1979)); *New Hampshire v. Maine*, 532 U.S. 742, 121 S.Ct. 1808 (2001).

Evidence in Opposition: Amtrak cannot profer any evidence that Hill has presented any factual positions in this lawsuit that are inconsistent with any factual positions previously asserted by her. As such, this defense will fail factually.

Amtrak asserts that Hill is judicially estopped from asserting that she is a qualified person with a disability as of September 17, 2015 because she submitted an application for disability benefits with the Railroad Retirement Board. However, for the reasons briefed successfully by Plaintiff in her Opposition to Amtrak's Motion for Summary Judgment, Hill's positions are not inconsistent. Rather, the position asserted in this litigation is that Hill is able to work <u>with accommodations</u> after September 17, 2015,

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

26

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

while Hill's application to the Railroad Retirement Board asserts that Hill could not work for the next 12 months <u>without accommodations</u>.  *Cleveland v. Policy Management Systems Corp.* (1999) 526 US 795, 803 ("...an ADA suit claiming that the plaintiff can perform her job <u>with</u> reasonable accommodation may well prove consistent with an SSDI claim that the plaintiff could not perform her own job (or other jobs) <u>without</u> it." [at 803] [Emphasis in original]).

### e) Fifth Affirmative Defense ("Waiver"):

<u>Summary</u>:   Amtrak contends that Hill's claims are "barred in whole or in part by the equitable doctrine of waiver."

<u>Elements</u>: Amtrak must establish by a preponderance of the evidence: (1) The intentional relinquishment by Hill of a known right with knowledge of its existence; and (2) Hill's intent to relinquish that right.

<u>Source</u>: *U.S. v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988).

<u>Evidence in Opposition</u>:  Amtrak's waiver argument is based upon a Settlement Agreement and Release signed by Hill on April 30, 2013 to resolve her 2011 lawsuit against Amtrak.  As briefed more extensively in Plaintiff's Opposition to  Amtrak's Motion in Limine No. 1, the Settlement Agreement and Release signed by Hill on April 30, 2013 was intended by the parties to release all claims related to Hill's prior lawsuit. The parties did not intend to release any claims for conduct arising out of Hill's return to work in April, 2013.  In fact, the Agreement was a memorialization of a mediated settlement that was reached on April 16, 2013, before Hill returned to work. Furthermore, Hill was advised to sign the Agreement by her counsel, who was unaware at that time of Pitts's April 24, 2013 letter revoking Hill's existing accommodations. Hill's counsel never would have advised Hill to sign the Agreement if he were aware of Pitts's April 24, 2013 letter. As such, by signing this Agreement Hill was <u>not</u> manifesting an intent to relinquish

**Brown &
Lipinsky LLP
Attorneys At Law**
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

27

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1 her rights to be free from unlawful conduct during the course of her 2013 employment,
2 but rather only those rights which were the subject of her 2011 lawsuit.

### f) Sixth Affirmative Defense ("Unclean Hands"):

4 Summary: Amtrak contends that Hill's claims are "bared in whole or in part by
5 the equitable doctrine of unclean hands."

6 Elements: Amtrak must show by a preponderance of the evidence: (1) inequitable
7 conduct by Hill; (2) that Hill's conduct directly relates to the claim(s) which it has
8 asserted against Amtrak; and (3) that Hill's conduct injured Amtrak.

9 Source: *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d
10 1197, 1223 (C.D. Cal. 2007) (citing *Survivor Productions LLC v. Fox Broad. Co.*, 2001
11 WL 35829270, at *3 (C.D. Cal. June 12, 2001)).

12 Evidence in Opposition: Hill incorporates by reference the evidence described in
13 Section II(A)(2)(a), which shows that Hill has not engaged in any inequitable conduct.
14 Thus, Hill is entitled to judgment as a matter of law on this defense.

### g) Seventh Affirmative Defense ("Punitive Damages Not Available"):

16 Summary: Amtrak contends that Hill has failed "to allege facts sufficient to
17 support an award of punitive damages as a matter of law."

18 Elements: Amtrak must prove that as a matter of law, none of its officers, directors,
19 or managing agents 1) engaged in malice, oppression or fraud, or 2) authorized or ratified
20 any malicious, oppressive, or fraudulent behavior.

21 Source: CACI No. 3945; Civ.C. § 3294(a), (b); *White v. Ultramar, Inc.* (1999) 21
22 C4th 563, 577.

23 Evidence in Opposition: As a preliminary matter, punitive damages are recoverable
24 for FEHA violations. *Yeager v. Corr. Corp. of Am.*, 944 F. Supp. 2d 913, 931 (E.D. Cal.
25 2013); *Commodore Home Systems, Inc. v. Superior Court* (1982) 32 Cal.3d 211, 220,
26 221. As stated successfully by Plaintiff in her Opposition to Amtrak's Motion for

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

28

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

1  Summary Judgment, Amtrak, through its managing agents (Pitts and Burney) perpetrated
2  and/or ratified mailicious, oppressive, and fraudulent conduct directed at Hill, thus
3  entitling Hill to punitive damages.

4     **h)   Eighth  Affirmative  Defense  ("Punitive  Damages**
5     **Unconstitutional"):**

6     Summary:  Amtrak contends that an award of punitive damages would be an
7  unconstitutional denial of its rights to Due Process and Equal Protection.

8     Elements: Amtrak has the burden of establishing that the U.S. Constitution and/or
9  California Constitution forbids the imposition of punitive damages against defendant or
10 that the amount of punitive damages assessed by the jury in this case violates Amtrak's
11 rights to Due Process and Equal Protection.

12    Opposition: The U.S. Supreme Court has rejected any notion that punitive damages
13 awards are inherently unconstitutional: The common law method of assessing punitive
14 damages i.e., an initial determination by a jury instructed to consider the gravity of the
15 wrong and the need to deter similar wrongful conduct, followed by trial and appellate
16 court review for reasonableness "is not so inherently unfair as to deny due process and
17 be per se unconstitutional." *Pacific Mut. Life Ins. Co. v. Haslip* (1991) 499 US 1, 17;
18 *BMW of No. America, Inc. v. Gore* (1996) 517 US 559, 568, 116; see *TXO Production*
19 *Corp. v. Alliance Resources Corp.* (1993) 509 US 443, 458.

20    **i)    Ninth Affirmative Defense ("Privilege and/or Justification"):**

21    Summary:  Amtrak contends that its actions were "privileged and/or justified."

22    Opposition: Hill is unaware of any authority for the proposition that Privilege
23 and/or Jutification are viable affirmative defenses to any of her causes of action, or that
24 Amtrak's unlawful behavior would be excused by any statutory privilege.

25 / / /
26 / / /

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

29

1           **j)**     **Tenth Affirmative Defense ("Federal Employers' Liability Act**

2                     **Preemption"):**

3     <u>Summary</u>:   Amtrak's contends that Hill's claims are barred in whole or in part by

4 the Federal Employers' Liability Act.

5     <u>Elements</u>: The Federal Employers' Liability Act (FELA, 45 USC § 51 et seq.)

6 establishes a comprehensive mechanism for compensating railroad employees for injuries

7 resulting from their employer's (railroad's) <u>negligence</u>. FELA has uniformly been found

8 to constitute the exclusive remedy for such injuries occuring in the course and scope of

9 employment. In order to establish this defense, Amtrak must prove that the conduct

10 alleged was negligence which occured in the course and scope of Hill's employment.

11     <u>Source</u>: *Nordgren v. Burlington Northern R.R. Co.* (8th Cir. 1996) 101 F3d 1246,

12 1252.

13     <u>Evidence in Opposition</u>: Hill has alleged violations of FEHA and constructive

14 termination based on public policy underlying FEHA. These are not negligence claims,

15 but rather statutory discrimination claims. As such, this affirmative defense fails as a

16 matter of law.

17           **k)**     **Eleventh Affirmative Defense ("Statute of Limitations"):**

18     <u>Summary</u>:   Amtrak contends that Hill's claims are barred in whole or in part by

19 the applicable statute of limitations.

20     <u>Elements</u>:   Amtrak must show by a preponderance of the evidence that: (1)

21 Amtrak's alleged violations of FEHA occured more than one year after she exhausted her

22 administrative remedies with the DFEH; and/or 2) Hill's alleged wrongful constructive

23 termination occured more than two years prior to Hill filing suit.

24     <u>Source</u>: *Cal. Gov't. C.* § 12965(b); CCP § 335.1.

25

26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Evidence in Opposition: Hill seeks compensation for Amtrak's unlawful actions which occured between April 24, 2013 and October 1, 2013.[4] Hill's constructive termination became effective on October 1, 2013. On February 20, 2014 Hill (through her attorney) exhausted her administrative remedies with the California Department of Fair Employment and Housing regarding events which occured between April 24, 2013 and October 1, 2013. On March 7, 2014, Hill filed her present lawsuit against Amtrak. As such, this defense fails factually and as a matter of law.

### l)     Twelfth Affirmative Defense ("Laches"):

Summary:     Amtrak contends that Hill's claims are "bared in whole or in part by the doctrine of laches."

Elements:     Amtrak has the burden to establish that: (1) Hill delayed filing suit; (2) Hill's delay in filing suit was for an unreasonable period; and (3) Hill's unreasonable delay was prejudicial to Amtrak.

Source: *Johnson v. Crown Enterprises, Inc.* (5th Cir. 2005) 398 F3d 339, 344

Evidence in Opposition: Hill incorporates by reference the evidence described in Section II(A)(3)(k), which shows that Hill filed suit within the limitations period set by *Cal. Gov't. C.* § 12965(b) and CCP § 335.1, and in any event without any unreasonable delay or delay causing prejudice to Amtrak. Thus, Hill is entitled to judgment as a matter of law on this defense.

### m)     Thirteenth Affirmative Defense ("Failure to Exhaust Administrative Remedies"):

Summary:     Amtrak contends that Hill's claims are barred in whole or in part because she "failed to exhaust her administrative remedies."

---

[4]Hill contends that events which occured prior to April 24, 2013 are directly relevant to her claims. However, Hill seeks <u>compensation</u> only for wrongdoing that occured between April 24, 2013 through October 1, 2013.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1     Elements:   Amtrak must establish by a preponderance of the evidence that Hill

2 failed to file an administrative charge with the Department of Fair Employment and

3 Housing within one year of the events or occurrences forming the bases for her FEHA

4 causes of action.

5     Source:     *Cal. Gov't. C.* § 12960(d).

6     Evidence in Opposition:   On February 20, 2014 Hill (through her attorney)

7 exhausted her administrative remedies with the California Department of Fair

8 Employment and Housing regarding her allegations of discrimination, failure to

9 reasonably accommodate, failure to engage in the interactive process, and retaliation

10 related to events which occured between April 24, 2013 and October 1, 2013.

11         **n)**     **Fourteenth Affirmative Defense ("Exceeds Scope of**

12                 **Administrative Charge"):**

13     Summary:   Amtrak contends that Hill's claims are barred in whole or in part to the

14 extent her "allegations exceed the scope of any administrative charge she may have filed."

15     Elements:   Amtrak must establish that Hill (through her attorney) failed to set

16 forth the particular categories of unlawful conduct that form the basis of her lawsuit in

17 her February 20, 2014 administrative charge.

18     Source: *Cal. Gov't. C.* § 12960(b).

19     Evidence in Opposition:   In her February 20, 2014 administrative charge, Hill

20 (through her attorney) sets forth allegations of discrimination, failure to reasonably

21 accommodate, failure to engage in the interactive process, and retaliation related to events

22 which occured between April 24, 2013 and October 1, 2013.

23         **o)**     **Fifteenth Affirmative Defense ("Good Faith"):**

24     Summary:   Amtrak contends that Hill's claims are bared in whole or in part by its

25 "good faith and/or good faith legal defense."

26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

32

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

1     <u>Opposition</u>: "Good faith" is not a legally viable affirmative defense to any of Hill's

2 causes of action. *Plaintiff* has the burden to prove that Amtrak acted with unlawful intent

3 re: her first, fourth, and fifth causes of action. Amtrak's intent is irrelevant as to Hill's

4 claims for failure to accommodate and failure to engage in the interactive process.

5 *County of Fresno v. Fair Employment and Housing Commission* (1991) 226 Cal.App.3d

6 1541, 1554 fn. 6; *Alexander v. Choate* (1985) 469 U.S. 287, 295.

7            **p)**    **Sixteenth**    **Affirmative**    **Defense**    **("Equitable**    **Indemnity**

8                **/Proportional Fault"):**

9     <u>Summary</u>:   Amtrak contends that its liability should be reduced by any percentage

10 of fault attributable to Hill or third party individuals.

11     <u>Elements</u>: Amtrak must prove by a preponderance of evidence that Hill's harm was

12 attributable to Hill's actions or inactions or those of third parties.

13     <u>Source</u>:  *Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804, 810

14     <u>Evidence in Opposition</u>: As set forth in Sections II(A)(1)(a) and (d) hereinabove,

15 Hill's harm was caused entirely by Amtrak's unlawful conduct, and neither Hill nor any

16 third parties contributed to causing any harm claimed by Hill.

17            **q)**    **Seventeenth Affirmative Defense ("Release"):**

18     <u>Summary</u>:   Amtrak contends that Hill's claims are bared in whole or in part

19 because Hill has "entered into a valid and enforcable release of claims."

20     <u>Elements</u>:   Hill refers the Court to section 2(A)(3)(e) of this Memorandum

21 discussing Amtrak's "Waiver" affirmative defense.

22     <u>Source</u>: Hill refers the Court to section 2(A)(3)(e) of this Memorandum discussing

23 Amtrak's "Waiver" affirmative defense.

24     <u>Evidence in Opposition</u>:   Hill refers the Court to section 2(A)(3)(e) of this

25 Memorandum discussing Amtrak's "Waiver" affirmative defense.

26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

33

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1     **r)**     **Eighteenth Affirmative Defense ("Undue Hardship/Requested**
2         **Accommodation Unreasonable"):**

3     <u>Summary</u>:   Amtrak contends that the accommodations Hill sought were
4 unreasonable or would have imposed an undue hardship on Amtrak.

5     <u>Elements</u>: The contention that Hill's accommodation requests were unreasonable
6 is not a proper affirmative defense, but, rather invokes an element of Hill's prima facie
7 case.

8     To establish the affirmative defense of "undue hardship," Amtrak has the burden
9 of proving that the proposed accommodations would be significantly difficult or
10 expensive to make, taking into consideration the following factors: 1) The nature and
11 cost of the accommodation; 2) Amtrak's ability to pay for the accommodation; 3) The type
12 of operations conducted at the facility; 4) The impact on the operations of the facility; 5)
13 The number of Amtrak's employees and the relationship of the employees' duties to one
14 another; and 6) The number, type, and location of Amtrak's 's facilities (e.g. The
15 administrative and financial relationship of the facilities to one another).

16     <u>Source</u>: CACI 2545.

17     <u>Evidence in Opposition</u>: This affirmative defense will fail factually because: 1)
18 Amtrak has failed to proffer any evidence indicating that the nature or cost of permitting
19 Hill to work from home, providing Hill with further training, providing Hill with adequate
20 computer software, modifying its attendance policy or enforcement thereof, or terminating
21 its disciplinary proceedings would constitute an undue hardship to its operations; 2)
22 Amtrak has failed to proffer any evidence regarding its ability to pay for the
23 accommodations Hill required; and 3) Amtrak has failed to proffer any evidence
24 indicating that permitting Hill to work from home, providing Hill with further training,
25 providing Hill with adequate computer software, modifying its attendance policy or
26

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

34

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

enforcement thereof, or terminating its disciplinary proceedings would significantly adversely impact Amtrak's business operations.

s)    **Nineteenth Affirmative Defense ("Plaintiff Failed to Engage in Interactive Process"):**

Summary:    Amtrak contends that Hill failed to engage in the interactive process.

Opposition: This is not a proper affirmative defense, as *Plaintiff* has the burden to prove that she was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements.   In any event, as explained in Sections 2(A)(2)(a)-(c) hereinabove, Amtrak, not Hill, was responsible for the breakdown of the interactive process.

t)    **Twentieth    Affirmative    Defense    ("Job-Related/Business Neccesity"):**

Summary:    Amtrak contends that Hill's claims are bared in whole or in part because "its actions were job related and/or justified by business necessity."

Opposition: The business necessity defense applies only in disparate impact cases. Hill does not allege disparate impact. *Union, United Auto., Aerospace & Agr. Implement Workers of America, UAW v. Johnson Controls, Inc.*, (1991) 499 US 187, 197.

u)    **Twenty-First Affirmative Defense ("RLA Preemption"):**

Summary:    Amtrak contends that Hill's claims are bared in whole or in part by the Railway Labor Act.

Elements:    To prevail on this defense, Amtrak must prove that resolution of Hill's state law claims requires interpretation or application of a collective bargaining agreement.

Source: *Hawaiian Airlines, Inc. v. Norris* (1994) 512 US 246, 261; see *Thomas v. Union Pac. R.R. Co.* (8th Cir. 2002) 308 F3d 891, 893- claim must be "inextricably

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

35

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

intertwined with consideration of a collective bargaining agreement" (mere reference to collective bargaining agreement insufficient); *Burnside v. Kiewit Pac. Corp.* (9th Cir. 2007) 491 F3d 1053, 1060- referring to CBA to ascertain bargained-for wage rate does not warrant preemption; *Gregory v. SCIE, LLC* (9th Cir. 2003) 317 F3d 1050, 1052- simply consulting CBA does not require preemption if meaning of contract term not in dispute.

Evidence in Opposition: The resolution of Hill's claims does not involve the interpretation or application of a collective bargaining agreement. Therefore, this affirmative defense fails as a matter of law.

### v) Twenty-Second Affirmative Defense ("After-Acquired Evidence"):

Summary: Amtrak has the burden of establishing the equitable defense of after-acquired evidence by establishing that: 1) Amtrak discovered after Hil's separation from employment that Hill had committed wrongdoing; and 2) Hill's wrongdoing was of such severity that she in fact would have been terminated by Amtrak on those grounds alone as a matter of settled company policy if Amtrak had known of the wrongdoing at the time of discharge.

Source: *McKennon v. Nashville Banner Pub. Co.* (1995) 513 U.S. 352, 362-363; *Murillo v. Rite Stuff Foods, Inc.* (1998) 65 Cal.App.4th 833, 847.

Evidence in Opposition: This defense will fail factually because Amtrak has not offered any proof of the existence of any after-acquired evidence regarding Hill in its Initial Disclosures or through discovery. In fact, several Amtrak employees testified in deposition that they are unaware of any after-acquired evidence regarding Hill.

### w) Twenty-Third Affirmative Defense ("Additional Defenses"):

Summary: Amtrak has reserved the right to assert additional affirmative defenses.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

36

PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT

1      <u>Opposition</u>: Amtrak has not sought leave of court to amend its Answer to plead
2  additional affirmative defenses. At this late stage, any attempt by Amtrak to do so would
3  result in undue prejudice to Hill, as discovery is cut off and trial is scheduled to
4  commence on October 6, 2015.

5      **4. Anticipated Evidentiary Issues [L.R. 16-4.1(h)]**

6      Beyond those evidentiary issues articulated and briefed in the respective parties'
7  Motions *in Limine,* two related evidentiary issue remains:

8      *Issue 1*:    Is Diane Pitts a "managing agent" of Amtrak, thus permitting Hill to
9  present her video deposition testimony to the jury pursuant to Fed. R. Civ. P. 32(a)(3)?

10      *Hill's Position*:    Pitts a "managing agent" of Amtrak. Pitts was the Operations
11  Manager at Amtrak's Riverside Call Center, one of only two Call Centers within Amtrak.
12  In her role, Pitts formulated *ad hoc* corporate policy by determining when employee
13  offenses would result in the initiating of disciplinary proceedings, and how the Call
14  Center would deviate from Amtrak's corporate policies in that regard. Pitts authority
15  extended over all agreement covered employees in the Riverside Call Center. *White v.*
16  *Ultramar, Inc.* (1999) 21 Cal. 4th 563, 571.

17      *Issue 2*:    Is Denyse Nelson-Burney a "managing agent" of Amtrak, thus
18  permitting Hill to present her video deposition testimony to the jury pursuant to Fed. R.
19  Civ. P. 32(a)(3)?

20      *Hill's Position*:    Burney is a "managing agent" of Amtrak, in that she regularly
21  exercised substantial discretionary authority over decisions that ultimately determine
22  corporate policy. Burney was responsible for advising all Amtrak managers nationwide
23  regarding how to interpret and apply Amtrak's labor and employment related policies and
24  State and Federal law related thereto. Burney also served on Amtrak's ADA committee,
25  which determined whether employees nationwide who required accommodations would
26  receive those accommodations, and if an interactive process would be undertaken with

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

37

1 those employees. Burney also was responsible for overseeing the direction of Amtrak's
2 labor and employment active litigation. *White v. Ultramar, Inc.* (1999) 21 Cal. 4th 563,
3 571.

### 5. Identification of Issues of Law [L.R. 16-4.1(i)]

5     Other than the issues raised by Amtrak's pending Motion for Summary Judgment
6 and Motions in Limine,[5] there remains an issue of law:

7     *Issue*: If an employer otherwise becomes aware of the need for an accommodation
8 through a third party or by observation, is the employer's duty to engage in the interactive
9 process triggered?

10     *Hill's Position*: If an employer otherwise becomes aware of the need for an
11 accommodation through a third party or by observation, the employer's duty to engage in
12 the interactive process is triggered as a matter of law.

13     *Authority*: Cal. Code Regs. tit. 2, § 11069.9(b)(2) states, relevant part:

14         "(b) Notice. An employer or other covered entity shall initiate an interactive
15         process when:

16             [. . .]

17             (2) the employer or other covered entity otherwise becomes aware of the
18             need for an accommodation through a third party or by observation,

19             [. . .]."

20     *Also see Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935, 954.

21     ///

22     ///

23     ///

24     ///

25

26     [5]Hill has submitted detailed oppositions to Amtrak's motions setting forth her position regarding
the disputes of law raised by Amtrak therein.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

III.    **BIFURCATION OF ISSUES [L.R. 16-4.3]**

        A.    **Punitive Damages**

Hill requests that the trial be bifurcated into two phases. Phase One would try issues of liability of Defendant and compensatory damages; Phase Two would try the amount of punitive damages to be assessed against Defendant.

        B.    **Amtrak's After-Acquired Evidence Defense**

Amtrak's equitable defense of after-acquired evidence is to be decided by the Court. *McKennon v. Nashville Banner Publishing Co.* (1995) 513 U.S. 352, 361-362. As this equitable defense only come into play after Plaintiff proves liability, the Court should bifurcate this issue and hold a post-verdict hearing to address it.

IV.    **JURY TRIAL [L.R. 16-4.4]**

        A.    **Issues Triable to the Jury**

Hill has made a timely demand for jury trial. The following issues are triable to a jury:

1.    Is Hill disabled under FEHA?

2.    Is Hill a qualified individual under FEHA?

3.    Did Amtrak fail to reasonably accommodate Hill's disabilities?

4.    Did Amtrak fail to engage in the good faith, interactive process with Hill?

5.    Did Amtrak discriminate against Hill because of her disability?

6.    Did Amtrak retaliate against Hill because she engaged in activity protected by FEHA?

7.    Did Amtrak constructively terminate Hill's employment in violation of public policy?

8.    Did Amtrak's unlawful actions cause Hill harm?

9.    What is the monetary amount of compensatory damages to which Hill is entitled?

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

39

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1     10.    Did any officer, director, or managing agent of Amtrak engage in malice,

2             oppression, or fraud towards Hill?

3     11.    Did any officer, director, or managing agent ratify any conduct towards Hill

4             that was malicious, oppressive, or fraudulent?

5     12.    What is the monetary amount of punitive damages that should be assessed

6             to Amtrak?

7     13.    Amtrak's Second, Third, Ninth, Sixteenth, Seventeenth, Eighteenth,

8             Nineteenth, and Twentieth Affirmative Defenses.[6]

9     <u>Authority</u>: Ninth Circuit Manual of Model Jury Instructions (2007 ed.), Instruction

10  Nos. 1.2, 1.3; CACI Nos. 2432, 2433, 2505, 2540, 2541, 2542 (modified), 3900, 3902,

11  3903, 3903C, 3905,3905A, and 3945.

12         **B.**    **Issues Triable to the Court**

13     The following issues as triable to the Court:

14     **1.**    Amtrak's   equitable   affirmative   defenses:   Fourth   Affirmative

15  Defense("Estoppel"); Fifth Affirmative Defense ("Waiver"); Sixth Affirmative Defense

16  ("Unclean Hands"); Twelfth Affirmative Defense ("Latches"); and Twenty-Second

17  Affirmative Defense (After Acquired Evidence").

18     <u>Authority</u>: *See generally Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76

19  F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a

20  disputed affirmative defense if the defense is equitable in nature."); *Danjaq LLC v. Sony*

21  *Corp.*, 263 F.3d 942, 962 (9th Cir. 2001) ("there is no right to a jury on the equitable

22  defense of laches"); *U.S. v. Kaczynski*, 551 F.3d 1120, 1129 (9th Cir. 2009) ("The

23  doctrine of unclean hands is an equitable doctrine..."); *Westinghouse Elect. v. Gen.*

24

25       [6]Hill contends that many of these affirmative defenses will ultimately fail as a matter of law at

26  trial. Hill therefore reserves the right to bring the appropriate motion to dispose of these defenses before the jury is instructed.

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

40

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

1 | *Circuit Breaker*, 106 F.3d 894, 899 (9th Cir. 1997) (acquiescence is an "equitable
2 | defense[]").

3 |     **2.**    Amtrak's Constitutional and Preemption affirmative defenses: Eighth
4 | Affirmative Defense ("Punitive Damages Unconstitutional"); Tenth Affirmative Defense
5 | ("Federal Employers' Liability Act Preemption"); and Twenty-First Defense ("RLA
6 | Preemption").

7 |     <u>Authority</u>: *See Fishermen Against the Destruction of the Environment, Inc. v.*
8 | *Closter Farms, Inc.*(11th Cir. 2002) 300 F.3d 1294, 1296; also *see City of Auburn v.*
9 | *Qwest Corp.,* 260 F.3d 1160, 1172 (9th Cir.2001).

10 |     **3.**    The amount of prejudgment interest to which Hill is entitled.
11 |     <u>Authority</u>: *Cal. Civ. C.* § 3287.

12 | **V.    ATTORNEYS' FEES [L.R. 16-4.5]**

13 |     Should Hill prevail on any of her claims under the California Fair Employment and
14 | Housing Act, she is entitled to her attorneys' fees and costs (including expert witness
15 | fees) under *Cal. Gov't. C.* § 12965(b). A prevailing FEHA plaintiff should ordinarily
16 | recover attorney fees, unless special circumstances would render the award unjust.
17 | *Christiansburg Garment Co. v. EEOC* (1978) 434 US 412, 416–417, 98 S.Ct. 694,
18 | 697–698 (Title VII case); *Chavez v. City of Los Angeles* (2010) 47 C4th 970, 985, 104
19 | CR3d 710, 721 (adopting *Christiansburg* rule for fee awards under FEHA); see *Horsford*
20 | *v. Board of Trustees of Calif. State Univ.* (2005) 132 CA4th 359, 394, 33 CR3d 644, 671.

21 | **VI.    ABANDONMENT OF ISSUES [L.R. 16-4.6]**

22 |     Hill does not abandon any issues for trial. Defendant has not indicated to Plaintiff
23 | that it intends to abandon any issues for trial.

24 |     Dated: August 31, 2015           BROWN & LIPINSKY LLP
                                          ATTORNEYS AT LAW

25 |

26 |                                       DAREN H. LIPINSKY
                                      Attorney for Plaintiff, SIMONE HILL

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

Brown &
Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

# PROOF OF SERVICE

STATE OF CALIFORNIA ⟩
⟩ ss.
UNITED STATES DISTRICT COURT ⟩

I am a resident of the State of California, County of San Bernardino. I am over the age of eighteen years and not a party to the within action. My business address is 5811 Pine Avenue, Suite A, Chino Hills, California 91709.

On August 31, 2015, I served on the interested parties in this action the within document(s) entitled:

**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF LAW AND FACT**

[ ] **(BY U.S. MAIL)** I enclosed the documents in a sealed envelope or package addressed to the person(s) at the addresses listed below and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X] **(BY COURT'S CM/ECF SYSTEM)** Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the person(s) listed below.

[ ] **BY FAX: (C.C.P. § 1013(a), (e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ ] **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ] **BY PERSONAL SERVICE** - I personally delivered such envelope to the offices of the addressee.

[ ] **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** - By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5811 Pine Avenue, Suite A, Chino Hills, California 91709.

[ ] **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files. The transmission was reported as complete and without error. My electronic notification address is 5811 Pine Avenue, Suite A, Chino Hills, California 91709. My e-mail address is mes.brownlipinsky@gmail.com.

1

---

**PLAINTIFF'S MOTION IN LIMINE NO. 2**

| Attorneys for Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK<br>Robert J. Hendricks, Esq.<br>Morgan, Lewis & Bockius LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>(415) 442-1000 / (415) 442-1001 Fax<br>E-mail: rhendricks@morganlewis.com | Attorneys for Defendant, NATIONAL RAILROAD PASSENGER CORPORATION, dba AMTRAK<br>Patricia S. Riordan, Esq.<br>Hien Nguyen, Esq.<br>Morgan, Lewis & Bockius LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071-3132<br>(213) 612-2500 / (213) 612-2501 Fax<br>E-mail: priordan@morganlewis.com<br>and hnguyen@morganlewis.com |
|---|---|

[ ] **STATE**: I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[X] **FEDERAL**: I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on August 31, 2015, at Chino Hills, California.

_____
MARY ELLEN SAMBRANO

Brown & Lipinsky LLP
Attorneys At Law
5811 Pine Avenue, Suite A
Chino Hills, CA 91709
(909) 597-2445

2

**PLAINTIFF'S MOTION IN LIMINE NO. 2**