Daren H. Lipinsky (State Bar No. 190955)
E-mail: DLipinsky@aol.com
Aaron Ray Boyd (State Bar No. 146687)
E-mail: arboyd.1@gmail.com
John Fessler (State Bar No. 89259)
E-mail: fessj2@yahoo.com
BROWN & LIPINSKY LLP
5811 Pine Avenue, Suite A
Chino Hills, CA  91709
Tel:  (909) 597-2445 / Fax: (909) 597-6199
Attorneys for Plaintiff, SIMONE HILL

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| SIMONE HILL,<br><br>        Plaintiff,<br><br>vs.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION, dba<br>AMTRAK, and DOES 1 through 10,<br>Inclusive,<br><br>        Defendant. | Case No.: 14-CV-0713 JGB (SPx)<br><br>**DISPUTED JURY INSTRUCTIONS**<br>**FOR TRIAL**<br><br>Judge:      Jesus G. Bernal<br>Courtroom:  1<br>Trial Date:  10/06/2015 |

Plaintiff, SIMONE HILL, and Defendant, NATIONAL RAILROAD

PASSENGER CORPORATION, dba AMTRAK, submit the following disputed

jury instructions for trial for the court's resolution:

///

///

**DISPUTED JURY INSTRUCTIONS FOR TRIAL**

CACI Nos. 2407, 2505, 2509, 2513, 2546, 3927, 3928, 3961, 3962.

Plaintiff's Special Instructions: 1, 2, 3, 4, 5, 6, 7, 8

Defendant's Special Instructions: 1, 2, 3, 4

Dated: September 8, 2015   BROWN & LIPINSKY LLP
           ATTORNEYS AT LAW


            /s/ Daren H. Lipinsky
           DAREN H. LIPINSKY
           Attorney for Plaintiff,
           SIMONE HILL


Dated: September 8, 2015   MORGAN, LEWIS & BOCKIUS LLP


            /s/ Robert Jon Hendricks
           ROBERT JON HENDRICKS
           HIEN NGUYEN
           Attorneys for Defendant,
           NATIONAL RAILROAD PASSENGER
           CORPORATION ("AMTRAK")

**DISPUTED JURY INSTRUCTIONS FOR TRIAL**

# CACI No. 2407. AFFIRMATIVE DEFENSE-EMPLOYEE'S DUTY TO MITIGATE

# DAMAGES

| Requested by Plaintiff | ☒ | Requested by Defendant | ☐ | Requested by | ☐ |
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date: 12/2014

Amtrak claims that if name of plaintiff is entitled to any damages, they should be reduced by the amount that she could have earned from other employment. To succeed, Amtrak must prove all of the following:

1. That employment substantially similar to plaintiff's former job was available to her;

2. That Plaintiff failed to make reasonable efforts to seek and retain this employment; and

3. The amount Plaintff could have earned from this employment.

In deciding whether the employment was substantially similar, you should consider, among other factors, whether:

(a) The nature of the work was different from name of plaintiff's employment with name of defendant;

(b) The new position was substantially inferior to name of plaintiff's former position;

(c) The salary, benefits, and hours of the job were similar to name of plaintiff's former job;

(d) The new position required similar skills, background, and experience;

(e) The job responsibilities were similar; and

(f) The job was in the same locality;

Judicial Council of California Jury Instructions

# CACI No. 2407. AFFIRMATIVE DEFENSE-EMPLOYEE'S DUTY TO MITIGATE DAMAGES

| Requested by Plaintiff | ☒ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

In deciding whether Ms. Hill failed to make reasonable efforts to retain comparable employment, you should consider whether Hill quit or was discharged from that employment for a reason within her control.

Judicial Council of California Jury Instructions

## **PLAINTIFF'S STATEMENT IN SUPPORT OF CACI 2407**

The Court's Civil Trial Scheduling Order expresses a preference that the parties use Judicial Counsel of California, Civil Instructions (CACI) when California law applies. In response to statutory and common law employment claims brought by Plaintiff, Defendant has asserted a Failure to Mitigate affirmative defense. CACI 2407 accurately sets forth the elements required to establish a Failure to Mitigate defense in an employment case. See *Chyten v. Lawrence & Howell Investments* (1993) 23 Cal.App.4th 607, 616; Chin et al., California Practice Guide: Employment Litigation, ¶ 17:492 (Rutter Group). As such, there should be no objection to its use.

## DEFENDANT'S OPPOSITION TO CACI 2407

Defendant objects to this CACI instruction on the grounds that it fails to take into account the fact that Plaintiff applied for and received disability benefits based on her memory problems that required her to demonstrate that not only that she could not perform her job or any other job in the national economy. Until there is a ruling on the extent to which Defendant can introduce that decision, it cannot agree to this instruction.

# CACI No. 2505. RETALIATION--ESSENTIAL FACTUAL ELEMENTS (Gov. Code, § 12940(h))

| Requested by Plaintiff | ☐ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge Jesus G. Bernal | |

Simone Hill claims that National Railroad Passenger Corporation dba Amtrak retaliated against her for requesting reasonable accommodation for her disabilities or for protesting what she reasonably and in good faith believed to be Amtrak's failure to provide reasonable accommodation for her disabilities. To establish this claim, Simone Hill must prove all of the following:

1. That Simone Hill requested reasonable accommodation for her disabilities or protested what she reasonably and in good faith believed to be Amtrak's failure to provide reasonable accommodation for her disabilities;

2. That National Railroad Passenger Corporation dba Amtrak subjected Simone Hill to adverse employment action;

3. That Simone Hill's request for reasonable accommodation for her disabilities or protest to what she reasonably and in good faith believed to be Amtrak's failure to provide reasonable accommodation for her disabilities was a substantial motivating reason for National Railroad Passenger Corporation dba Amtrak's decision to subjected Simone Hill to adverse employment action;

4. That Simone Hill was harmed; and

5. That National Railroad Passenger Corporation dba Amtrak's conduct was a substantial factor in causing Simone Hill's harm.

Judicial Council of California Jury Instructions

1

## PLAINTIFF'S STATEMENT IN SUPPORT OF CACI 2505

2

The Court's Civil Trial Scheduling Order expresses a preference that the parties use
3    Judicial Counsel of California, Civil Instructions (CACI) when California law applies. In this
case, Plaintiff has asserted a cause of action for Retaliation in violation of *Gov. C.* §12940(h).
4    CACI 2505 accurately sets forth the elements of a Retaliation claim. See *Yanowitz v. L'Oreal
USA, Inc.* (2005) 36
5    Cal.4th 1028, 1042. As such, there should be no objection to its use.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANT'S OPPOSITION TO CACI 2505

Defendant objects to this CACI instruction on the grounds that Plaintiff has misstated the instruction based on applicable law and/or misstated Plaintiff's operative claims and includes facts that are not relevant and/or not at issue in this case. The instruction misconstrues both applicable law and facts. The CACI instructions as revised by Plaintiff are also vague, ambiguous and misleading.

"Requesting an accommodation" is not protected activity to support a retaliation claim under California Government Code § 12940(h), which by its terms protects employees who make a charge, testify, assist or participate in any manner in proceedings or hearings under the statutes or oppose acts made unlawful by the statutes.

# CACI No. 2509. "ADVERSE EMPLOYMENT ACTION" EXPLAINED

| Requested by Plaintiff | ☐ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date: 6/2012

Ms. Hill must prove that she was subjected to an adverse employment action.

Adverse employment actions are not limited to ultimate actions such as termination or demotion. There is an adverse employment action if name of defendant has taken an action or engaged in a course or pattern of conduct that, taken as a whole, materially and adversely affected the terms, conditions, or privileges of name of plaintiff's employment. An adverse employment action includes conduct that is reasonably likely to impair a reasonable employee's job performance or prospects for advancement or promotion. However, minor or trivial actions or conduct that is not reasonably likely to do more than anger or upset an employee cannot constitute an adverse employment action.

Judicial Council of California Jury Instructions

# DEFENDANT'S STATEMENT IN SUPPORT OF CACI 2509

Defendant's request CACI 2509 to explain an "adverse employment action" is supported by case law. "An ' "adverse employment action," ' …, requires a 'substantial adverse change in the terms and conditions of the plaintiff's employment'." (*Holmes v. Petrovich Development Co., LLC* (2011) 191 Cal.App.4th 1047, 1063 [119 Cal.Rptr.3d 878, internal citations omitted.) "Not every change in the conditions of employment, however, constitutes an adverse employment action. ' "A change that is merely contrary to the employee's interests or not to the employee's liking is insufficient." …' '[W]orkplaces are rarely idyllic retreats, and the mere fact that an employee is displeased by an employer's act or omission does not elevate that act or omission to the level of a materially adverse employment action.' " (*Malais v. Los Angeles City Fire Dept.* (2007) 150 Cal.App.4th 350, 357 [58 Cal.Rptr.3d 444].)

This is a CACI instruction with no material modification. There is no basis to oppose it.

## PLAINTIFF'S STATEMENT IN OPPOSITION TO CACI 2509

Plaintiff objects to this instruction because it is incomplete, in that it fails to provide relevant criteria for the jury's determination of the issue. *See Bollenbach v. United States*, 326 U.S. 607, 612 (1946); *Bowman v. Wyatt* (2010) 186 Cal.App.4th 286, 298-299.

"A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by [her] which is supported by substantial evidence." (*Soule v. General Motors Corp* (1994) 8 Cal.4th 548.). CACI 2509 fails to instruct the jury that they are to take into account Plaintiff's individual circumstances and the particular work context in which her claims arose when deciding whether an "adverse employment action" occurred. *See Yanowitz v. L..Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1054-1055. CACI 2509 further fails to instruct the jury that they must consider all of the alleged acts of discrimination or retaliation collectively, rather than considering each individual act in isolation in determining whether an "adverse employment action" occurred. *Id.* Thus, if the Court instructs the jury on the definition of "adverse employment action" using CACI 2509 alone, Plaintiff will be deprived of an instruction that provides relevant criteria for the jury's determination of the issue. Plaintiff therefore requests that Court use Plaintiff's Special Instruction No. 1, which supplements CACI 2509 with the relevant criteria.

# CACI No. 2513. BUSINESS JUDGMENT

| Requested by Plaintiff | ☐ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date: 12/2013

     In California, employment is presumed to be "at will."  That means that an employer may discharge/other adverse action an employee for no reason, or for a good, bad, mistaken, unwise, or even unfair reason, as long as its action is not for a discriminatory/retaliatory reason.

Judicial Council of California Jury Instructions

# DEFENDANT'S STATEMENT IN SUPPORT OF CACI 2513

Defendant proposes this instruction for CACI 2513 "business judgment" because it is an accurate and proper statement of law. In this regard, it is well recognized that "the reason for a business decision need not meet the unqualified approval of a judge or jury so long as it is not based upon [an illegal criteria]." *Douglas v. Anderson*, 656 F. 2d 528, 534 (9th Cir. 1981) (termination based upon criticism of employee for certain financial transactions was a business decision even if not agreed upon by the judge of jury). Also, the law-does not limit the employer's ability to establish or change the nature or content of a job. The Court will not second-guess the employer. *Milton v. Scrivner, Inc.*, 53 F.3d 1118, 1124 (10th Cir. 1995).

Thus, this instruction is drafted to ensure that the jury distinguishes between Amtrak's initiation of disciplinary proceedings pursuant to a collective bargaining agreement and implementation of policies which may be unpopular with jurors and with which jurors may not agree, versus intentional discrimination. No other instruction clarifies for the jury the difference between carrying out a potentially unpopular policy and discrimination. Thus, this instruction is essential to a fair consideration of the legal issues in the case. Further, this instruction does not instruct the jury on the shifting burden of proof applicable on summary judgment. Instead, it simply ensures that the jury consider the precise issue submitted to it: whether Defendant's actions and decisions regarding Plaintiff were motivated by intentional discrimination. *See Sanghi v. City of Claremont*, 328 F.3d 532, 540-41 (9th Cir. 2003) ("[C]ourts should focus the fact finders on the one essential question: whether the plaintiff is a victim of intentional discrimination."). Failure to give this instruction would unfairly prejudice defendant and compromise any verdict in Plaintiff's favor. *See also Faulkner v. Super Valu Stores, Inc.*, 3 F.3d 1419, 1427 & n.4 (10th Cir. 1993); *Walker v. AT&T Tech.*, 995 F.2d 846 (8th Cir. 1993); *Casillas v. US Navy*, 735 F.2d 338 (9th Cir. 1984); *Los Angeles County v. Civil Serv. Comm.*, 8 Cal. App. 4th 273, 281-82 (1992).

## PLAINTIFF'S STATEMENT IN OPPOSITION TO CACI 2513

Plaintiff objects to this instruction without modification because it incorrectly states the law on Plaintiff's claims for Failure to Reasonably Accommodate and Failure to Engage in the Interactive Process. *See Jaffee v. Redmond*, 51 F.3d 1346, 1353 (7th Cir.1995).[1] An employee asserting a claim for failure to accommodate or failure to engage in the interactive process does not need to show that her employer acted with discriminatory or retaliatory intent or other improper bias. *County of Fresno v. Fair Employment and Housing Commission* (1991) 226 Cal.App.3d 1541, 1554 fn. 6; *Alexander v. Choate* (1985) 469 U.S. 287, 295. As such, Amtrak's "Business Judgement" is irrelevant to an analysis of the elements of these claims.

# CACI No. 2546. DISABILITY DISCRIMINATION--REASONABLE ACCOMMODATION--FAILURE TO ENGAGE IN INTERACTIVE PROCESS (Gov. Code, § 12940(n))

| Requested by Plaintiff | ☐ | Requested by Defendant | ☒ | Requested by | ☐ |
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date: 12/2009

Hill contends that Amtrak failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Hill's job could perform the essential functions of her job. In order to establish this claim, Plaintiff must prove the following:

1. That Amtrak was an employer;

2. Simone Hill was an employee of Amtrak;

3. That Plaintiff had a physical condition that was known to name of defendant;

4. That Hill requested Amtrak make reasonable accommodation for her physical condition so that she would be able to perform the essential job requirements;

5. That Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements;

6. That Amtrak failed to participate in a timely good-faith interactive process with name of plaintiff to determine whether reasonable accommodation could be made;

7. Hill was harmed; and

8. Amtrak's failure to engage in a good-faith interactive process was a substantial factor in causing name of plaintiff's harm.

Judicial Council of California Jury Instructions

## DEFENDANT'S STATEMENT IN SUPPORT OF CACI 2546

Defendant's request for CACI 2546 is proper in that it fully presents all theories of disability discrimination to the jury and is a standard CACI instruction. Plaintiff must also prove that a reasonable accommodation was possible before there is a violation for failure to engage in the interactive process. *See Nadaf-Rahrov v. The Nieman Marcus Group, Inc.* (2008) 166 Cal.App.4th 952, 980–985 (employee who brings a section 12940(n) claim bears the burden of proving a reasonable accommodation was available before the employer can be held liable under the statute).

## PLAINTIFF'S STATEMENT IN OPPOSITION TO CACI 2546

Plaintiff objects to this instruction because it fails to instruct the jury on Plaintiff's theory of the case. *See United States v. Heller*, 830 F.2d 150, 155 (11th Cir. 1987).

Plaintiff further objects to this instruction because it is confusing or misleading. *Japan Airlines Co. v. Port Authority of New York & New Jersey*, 178 F.3d 103, 110 (2d Cir. 1999).

Plaintiff further objects to this instruction because it incorrectly states the law or is not supported by the evidence. *Jaffee v. Redmond*, 51 F.3d 1346, 1353 (7th Cir.1995).

In this case, Plaintiff contends that while she did request accommodations, Amtrak also became aware of the need for accommodations through observation, thereby triggering its duty to engage in the interactive process.

Cal. Code Regs. tit. 2, § 11069.9(b)(2) states, relevant part:

"(b) Notice. An employer or other covered entity shall initiate an interactive process when:

[. . .]

(2) the employer or other covered entity otherwise becomes aware of the need for an accommodation through a third party or by observation,

[. . .]."

*Also see Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935, 954.

This modification to CACI 2546 provided in Plaintiff's Special Instruction No. 3 is necessary to correctly set forth for Plaintiff's burden of proof on her Failure to Engage in the Interactive Process claim.

# CACI No. 3927. AGGRAVATION OF PREEXISTING CONDITION OR DISABILITY

| Requested by Plaintiff | ☒ | Requested by Defendant | ☐ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | | |

_____
Judge

Simone Hill is not entitled to damages for any physical or emotional condition that she had before National Railroad Passenger Corporation dba Amtrak's conduct occurred. However, if Simone Hill had a physical or emotional condition that was made worse by National Railroad Passenger Corporation dba Amtrak's wrongful conduct, you must award damages that will reasonably and fairly compensate her for the effect on that condition.

Judicial Council of California Jury Instructions

## PLAINTIFF'S STATEMENT IN SUPPORT OF CACI 3927

"A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). *See also Hunter v. Cnty. of Sacramento,* 652 F.3d 1225, 1232 (9th Cir. 2011).. The Court's Civil Trial Scheduling Order expresses a preference that the parties use Judicial Counsel of California, Civil Instructions (CACI) when California law applies.  In this case, Plaintiff claims in part that Defendant's unlawful conduct aggravated one or more of her disabilities, thereby entitling her to tort damages.  "Plaintiff may recover to the full extent that his condition has worsened as a result of defendant's tortious act." (*Ng v. Hudson* (1977) 75 Cal.App.3d 250, 255, internal citations omitted, overruled on another ground in *Soule v. GM Corp.* (1994) 8 Cal.4th 548, 574 [34 Cal.Rptr.2d 607, 882 P.2d 298].)  Furthermore, "[i]t is by no means self-evident that an act which precipitates a flare-up of a preexisting condition should be considered a 'cause which, in natural and continuous sequence, produces the injury.' Thus, general instructions on proximate cause were not sufficient to inform the jury on the more specific issue of aggravation of preexisting conditions." (*Ng, supra,* 75 Cal.App.3d at p. 256.). Given the allegations being made in this case, CACI 3927 is necessary to inform the jury on the specific issue of aggravation of preexisting conditions.

# DEFENDANT'S STATEMENT IN OPPOSITION TO CACI 3927

In order for a Plaintiff to recover damages for aggravation of a preexisting injury or condition, there must be proof that Defendant's conduct was in some way responsible for that condition, *i.e.*, the Defendant cannot be held liable for injuries the Plaintiff would have suffered even if the alleged unlawful act of the defendant had not occurred. When the Plaintiff's condition is not aggravated by Defendant's conduct, but merely becomes more evident or subject to discovery as a result of the conduct, the defendant is not liable for injuries that are causally related only to the preexisting condition. In fact, absent a showing that a preexisting condition was aggravated, testimony about previous injuries and physical conditions, not causally connected to the claim against the defendant, will not be admissible. Lastly, this jury instruction only applies where a party suffers "unusual injury by reason of the defendant's act and other contributing causes." *See* 6 Witkin, Summary of California Law (10th ed. 2005), Torts §1676. In the present case, there are no "unusual" injuries sustained or claimed by Plaintiff.

# CACI No. 3928. UNUSUALLY SUSCEPTIBLE PLAINTIFF

| | | | | | |
|---|---|---|---|---|---|
| Requested by Plaintiff | ☒ | Requested by Defendant | ☐ | Requested by | ☐ |
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | | |

Judge

You must decide the full amount of money that will reasonably and fairly compensate Simone Hill for all damages caused by the wrongful conduct of National Railroad Passenger Corporation dba Amtrak, even if Simone Hill was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

Judicial Council of California Jury Instructions

## PLAINTIFF'S STATEMENT IN SUPPORT OF CACI 3928

"A party is entitled to an instruction about his or her theory of the case if it is supported by law and has foundation in the evidence." *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002). *See also Hunter v. Cnty. of Sacramento,* 652 F.3d 1225, 1232 (9th Cir. 2011).. The Court's Civil Trial Scheduling Order expresses a preference that the parties use Judicial Counsel of California, Civil Instructions (CACI) when California law applies. In this case, Plaintiff claims that her disabilities made her more susceptible to injury than a normally healthy person would have been. "That a plaintiff without such a [preexisting] condition would probably have suffered less injury or no injury does not exonerate a defendant from liability." (*Ng v. Hudson* (1977) 75 Cal.App.3d 250, 255 [142 Cal.Rptr. 69], internal citations omitted, overruled on another ground in *Soule v. G.M. Corp.* (1994) 8 Cal.4th 548, 574. "The tortfeasor takes the person he injures as he finds him. If, by reason of some preexisting condition, his victim is more susceptible to injury, the tortfeasor is not thereby exonerated from liability." (*Rideau v. Los Angeles Transit Lines* (1954) 124 Cal.App.2d 466, 471, internal citations omitted.) Given the allegations being made in this case, CACI 3928 is necessary to inform the jury on the specific issue of damages sustained by an unusually susceptible plaintiff.

# DEFENDANT'S STATEMENT IN OPPOSITION TO CACI 3928

Defendant objects to this instruction as redundant of CACI 3927 as both instructions go to the issue of Plaintiff being an "eggshell plaintiff." Such an instruction is likely to cause undue prejudice towards Defendant as the giving of both instructions unduly amplifies that issue of Plaintiff's existing mental condition and attendant emotional distress, with CACI 3928 talking about Plaintiff's susceptibility to a mental condition injury and CACI 3927 going to jury due to the exacerbation of her mental condition.

# CACI No. 3961. DUTY TO MITIGATE DAMAGES FOR PAST LOST EARNINGS

| Requested by Plaintiff | ☐ | Requested by Defendant | ☒ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date: 9/2003

Simone Hill is not entitled to recover damages for economic losses that Amtrak proves Hill could have avoided by returning to gainful employment as soon as it was reasonable for her to do so.

To calculate the amount of damages you must:

1. Determine the amount Hill would have earned from the job she held at the time she was quit; and

2. Subtract the amount Hill earned or could have earned by returning to gainful employment.

The resulting amount is name of plaintiff's damages for lost earnings.

Judicial Council of California Jury Instructions

## DEFENDANT'S STATEMENT IN SUPPORT OF CACI 3961

Defendant proposes this instruction because it is a correct, accurate statement of the law. "A plaintiff has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts." (*Thrifty-Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1568 [54 Cal.Rptr.2d 468].) "The doctrine of mitigation of damages holds that '[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided.' A plaintiff may not recover for damages avoidable through ordinary care and reasonable exertion." (*Valle de Oro Bank v. Gamboa* (1994) 26 Cal.App.4th 1686, 1691 [32 Cal.Rptr.2d 329], internal citations omitted.)

# PLAINTIFF'S STATEMENT IN OPPOSITION TO CACI 3961

Plaintiff objects to this instruction because: 1) It is ambiguous as to the parties' burden of proof (*Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 713 (8th Cir. 2001)); and 2) It fails to provide relevant criteria for the jury's determination of the issue (*Bollenbach v. United States*, 326 U.S. 607, 612 (1946)).

In this case, Plaintiff has alleged past and future loss of earnings caused by Defendant's wrongful constructive termination of her employment. The more general CACI 3961 instruction regarding mitigation of past loss of earnings is incomplete in the context of Plaintiff's claims, in that it fails to properly designate mitigation as an affirmative defense wherein Defendant has the burden of proof, and it fails to allege the elements Defendant is required to establish in order to prove a Failure to Mitigate affirmative defense.

On the other hand, CACI 2407 specifically and accurately addresses Defendant's requisite standard of proof for a Failure to Mitigate affirmative defense in an employment case. See Chin et al., California Practice Guide: Employment Litigation, ¶ 17:492 (Rutter Group). As such, Plaintiff requests that the Court use CACI 2407 (attached), <u>not</u> CACI 3961, to instruct the jury on the affirmative defense of mitigation.

# CACI No. 3962. DUTY TO MITIGATE DAMAGES FOR FUTURE LOST

## EARNINGS

| Requested by Plaintiff | ☐ | Requested by Defendant | ☒ | Requested by | ☐ |
|---|---|---|---|---|---|
| Given as Requested | ☐ | Given as Modified | ☐ | Given on Court's Motion | ☐ |
| Refused | ☐ | | | | |
| Withdrawn | ☐ | | | Judge | |

Print date: 9/2003

Hill is not entitled to recover damages for future economic losses that Amtrak proves plaintiff will be able to avoid by returning to gainful employment as soon as it is reasonable for her to do so.

If you decide plaintiff will be able to return to work, then you must not award her any damages for the amount she will be able to earn from future gainful employment. To calculate the amount of damages you must:

1. Determine the amount plaintiff would have earned from the job she held at the time she quit; and

2. Subtract the amount plaintiff is reasonably able to earn from alternate employment.

The resulting amount is name of plaintiff's damages for future lost earnings.

Judicial Council of California Jury Instructions

# DEFENDANT'S STATEMENT IN SUPPORT OF CACI 3962

Amtrak prefers is instruction over CACI 2407, and has proposed it because it is a correct, accurate statement of the law. "A plaintiff has a duty to mitigate damages and cannot recover losses it could have avoided through reasonable efforts." (*Thrifty-Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1568 [54 Cal.Rptr.2d 468].) "The doctrine of mitigation of damages holds that '[a] plaintiff who suffers damage as a result of either a breach of contract or a tort has a duty to take reasonable steps to mitigate those damages and will not be able to recover for any losses which could have been thus avoided.' A plaintiff may not recover for damages avoidable through ordinary care and reasonable exertion." (*Valle de Oro Bank v. Gamboa* (1994) 26 Cal.App.4th 1686, 1691 [32 Cal.Rptr.2d 329], internal citations omitted.)


However, as discussed in connection with CACI 2407, it as well fails to take into account the fact that Plaintiff applied for and received disability benefits based on her memory problems that required her to demonstrate that not only that she could not perform her job or any other job in the national economy. Until there is a ruling on the extent to which Defendant can introduce that decision, it submits this requested instruction provisionally.

## PLAINTIFF'S STATEMENT IN OPPOSITION TO CACI 3962

Plaintiff objects to this instruction because: 1) It is ambiguous as to the parties' burden of proof (*Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 713 (8th Cir. 2001)); and 2) It fails to provide relevant criteria for the jury's determination of the issue (*Bollenbach v. United States*, 326 U.S. 607, 612 (1946)).

In this case, Plaintiff has alleged past and future loss of earnings caused by Defendant's wrongful constructive termination of her employment. The more general CACI 3962 instruction regarding mitigation of past loss of earnings is incomplete in the context of Plaintiff's claims, in that it fails to properly designate mitigation as an affirmative defense wherein Defendant has the burden of proof, and it fails to allege the elements Defendant is required to establish in order to prove a Failure to Mitigate affirmative defense.

On the other hand, CACI 2407 specifically and accurately addresses Defendant's requisite standard of proof for a Failure to Mitigate affirmative defense in an employment case. See Chin et al., California Practice Guide: Employment Litigation, ¶ 17:492 (Rutter Group). As such, Plaintiff requests that the Court use CACI 2407, not CACI 3962, to instruct the jury on the affirmative defense of mitigation.

**Plaintiff's Special Jury Instruction No. 1— "Adverse Action" Defined**

The term "adverse action" means conduct by the employer that materially affects the terms, conditions or privileges of the employee's employment in some negative way. Conduct by the employer that is reasonably likely to impair the employee's job performance or prospects for advancement or promotion amounts to adverse action. However, minor or relatively trivial conduct by the employer that is reasonably likely to do no more than anger or upset the employee, does not amount to adverse action.

In deciding whether each defendant's conduct in this case was reasonably likely to impair Simone Hill's job performance or prospects for advancement or promotion, you must take into account Simone Hill's individual circumstances and the particular work context in which her claims arose.

You must consider all of the alleged acts of discrimination or retaliation collectively, rather than considering each individual act in isolation. A series of separate discriminatory or retaliatory acts, taken together, may amount to adverse action even in some or all of the acts, considered separately, would not.

**Sources and Authority:**
CACI 2509 [modified]; *Yanowitz v. L..Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1054.

# PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 1

"A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by [her] which is supported by substantial evidence." (*Soule v. General Motors Corp* (1994) 8 Cal.4th 548.). Plaintiff's Special Instruction No. 1 is a modified version of CACI 2509. CACI 2509 fails to instruct the jury that they are to take into account Plaintiff's individual circumstances and the particular work context in which her claims arose when deciding whether an "adverse employment action" occurred. *See Yanowitz v. L..Oreal USA, Inc.* (2005) 36 Cal. 4th 1028, 1054-1055. CACI 2509 further fails to instruct the jury that they must consider all of the alleged acts of discrimination or retaliation collectively, rather than considering each individual act in isolation in determining whether an "adverse employment action" occurred. *Id.* Thus, if the Court instructs the jury on the definition of "adverse employment action" using CACI 2509 alone, Plaintiff will be deprived of an instruction that provides relevant criteria for the jury's determination of the issue. Plaintiff therefore requests that Court use Plaintiff's Special Instruction No. 1, which supplements CACI 2509 with the relevant criteria.

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 1 "Adverse
Employment Action" Defined</u>:

Defendant objects to Plaintiffs Special Jury Instruction No. 1 on the grounds
that it misstates applicable law, is vague and ambiguous and is misleading to the
jury. The special jury instruction misstates the holding in *Yanowitz v. L'Oreal
USA Inc*. (2005) 36 Cal 4th 1028. CACI 2509 is the instruction that should be
given. It was updated in May 2015 well after *Yanowitz,* and properly addresses
that an alleged "course or pattern of conduct that, taken as a whole…" can be
considered. Plaintiff's modification overly emphasizes this point and is therefore
is argumentative. CACI 2509 should be provided, but not modified as Plaintiff
requests.

**Plaintiff's Special Jury Instruction No. 2**
**Disability Discrimination: "Reasonable Accommodation" Explained**

A reasonable accommodation is a reasonable change to the workplace that allows an employee with a disability to perform the essential duties of the job.

Reasonable accommodations may include the following:
a.    Making the workplace readily accessible to and usable by employees with disabilities;
b.    Changing job responsibilities or work schedules;
c.    Providing flexibility in employee break schedules;
d.    Modifying employer policies or work rules; or,
e.    Providing other similar accommodations for an individual with a disability.

<u>Source and Authority</u>:  CACI 2542 [modified]; Govt. Code § 12926(n)(2); Cal. Code Regs. tit. 2, § 7293.9(a)(2).

## PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 2

"A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by [her] which is supported by substantial evidence." (*Soule v. General Motors Corp* (1994) 8 Cal.4th 548.). Plaintiff's Special Instruction No. 2 is a modified version of CACI 2542. CACI 2542 lists actions that may be considered reasonable accommodations under the law. Plaintiff's Special Instruction merely sets forth actions specific to the issues presented in this case, thereby rendering the instruction correct "on every theory of the case advanced by Plaintiff which is supported by substantial evidence." Specifically, Plaintiff's Special Instruction varies from CACI 2542 by listing as possible reasonable accommodations: "c. Providing flexibility in employee break schedules [and] d. Modifying employer policies or work rules." Both of these accommodations are specifically provided for in Cal. Code Regs. tit. 2, § 7293.6(p)(F) and (I), respectively.

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 2 "Reasonable Accommodation: Explained</u>:

Defendant objects to Plaintiffs Special Jury Instruction No. 2 on the grounds that it does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury, and is not a proper modification of CACI 2542. This instruction improperly omits language that is a part of CACI 2542: First, that a reasonable accommodation "allows an employee with a disability to enjoy the same benefits and privileges of employment that are available to employees without disabilities." Second, that "if more than one accommodation is reasonable, an employer makes a reasonable accommodation if it selects one of those accommodations in good faith." Defendant would agree to the proposed instruction with these additions that better track CACI 2542.

**Plaintiff's Special Jury Instruction No. 3**

**Disability Discrimination: Reasonable Accommodation—Failure to Engage in Interactive Process (Gov. Code, § 12940(n))**

Simone Hill contends that National Railroad Passenger Corporation dba Amtrak's failed to engage in a good-faith interactive process with her to determine whether it would be possible to implement effective reasonable accommodations so that Simone Hill could perform the essential functions of her job.

In order to establish this claim, Simone Hill must prove the following:

1.    That National Railroad Passenger Corporation dba Amtrak was an employer;

2.    That Simone Hill was an employee of National Railroad Passenger Corporation dba Amtrak;

3.    That Simone Hill had a physical condition that was known to National Railroad Passenger Corporation dba Amtrak or that National Railroad Passenger Corporation dba Amtrak regarded Simone Hill as having a physical condition;

4.    That Simone Hill requested that National Railroad Passenger Corporation dba Amtrak make reasonable accommodation for her physical condition so that she would be able to perform the essential job functions or that National Railroad Passenger Corporation dba Amtrak otherwise became aware of the need for an accommodation through a third party or by observation;

5.    That Simone Hill was willing to participate in an interactive process to

determine whether reasonable accommodation could be made so that she would be able to perform the essential job requirements;

6.     That National Railroad Passenger Corporation dba Amtrak failed to participate in a timely good faith interactive process with Simone Hill to determine whether reasonable accommodation could be made;

7.     That Simone Hill was harmed; and

8.     That National Railroad Passenger Corporation dba Amtrak 's failure to engage in a good-faith interactive process was a substantial factor in causing Simone Hill's harm.

Source and Authority:  CACI 2546 [modified]; Govt. Code § 12940(n); Cal. Code Regs. tit. 2, § 11069.9(b)(2); *Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935, 954.

## PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 3

"A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by [her] which is supported by substantial evidence." (*Soule v. General Motors Corp* (1994) 8 Cal.4th 548.). Plaintiff's Special Instruction No. 3 is a modified version of CACI 2546. Specifically, Plaintiff's Special Instruction makes clear that it is sufficient to find that Amtrak otherwise became aware of Plaintiff's need for an accommodation through a third party or by observation as an element of Plaintiff's claim for Failure to Engage in the Interactive Process.

In this case, Plaintiff contends that while she did request accommodations, Amtrak also became aware of the need for accommodations through observation, thereby triggering its duty to engage in the interactive process.

Cal. Code Regs. tit. 2, § 11069.9(b)(2) states, relevant part:

"(b) Notice. An employer or other covered entity shall initiate an interactive process when:

[. . .]

(2) the employer or other covered entity otherwise becomes aware of the need for an accommodation through a third party or by observation,

[. . .]."

*Also see Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935, 954.

This modification to CACI 2546 is necessary to correctly set forth for Plaintiff's burden of proof on her Failure to Engage in the Interactive Process claim.

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 3 Disability Discrimination: Reasonable Accommodation – Failure to Engage in Interactive Process (Gov. Code, § 12940(n)):</u>

Defendant objects to Plaintiffs Special Jury Instruction No. 3 on the grounds that it does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury. The special jury instruction misstates the legal authority cited and applicable case law. Plaintiff's citation to *Prilliman v. United Airlines, Inc.* (1997) 53 Cal.App.4th 935,954 is inaccurate and excludes pertinent portions of the Court's findings to wit the Court's statement "[o]f course, the employee can't expect the employer to read his mind and know he secretly wanted a particular accommodation and sue the employer for not providing it. Nor is an employer ordinarily liable for failing to accommodate a disability of which it had no knowledge. [Citations.] An employer also has no duty to accommodate an employee who denies she has a disability or denies a need for accommodation." (*Schmidt v. Safeway, Inc.*, supra, 864 F.Supp. 991, 997.) In addition, Plaintiff's cites to CACI 2546 which is not a valid Judicial Council jury instruction.

The interjection of the "regarded as" standard is not proper because, for the reasons set forth in the proposed Pre-Trial Order, was not properly raised in the Complaint (Par. 8), which predicate's Plaintiff's claims on actually being disabled and not "regarded as."

**Plaintiff's Special Jury Instruction No. 4**

**Disability Discrimination: Reasonable Accommodation—Triggering the Duty to Engage in Interactive Process (Gov. Code, § 12940(n))**

To trigger an employer's interactive process duty, the employee does not have to use any particular or magic words. For example, the employee is not required to use the word "accommodation," "disability," or any similar word or phrase. Nor must the employer know the name or diagnosis of the employee's condition or disability. Instead, what is required is that the employer (through any manager or supervisor) knows that the employee has some physical condition that may require an accommodation and that the employee desires an accommodation.

An employer knows an employee has a disability when the employee tells the employer about her condition, or when the employer otherwise becomes aware of the condition, such as through a third party or by observation. The employer need only know the underlying facts, not the legal significance of those facts.

<u>Sources and Authority:</u> *Gelfo v. Lockheed Martin Corp.* (2nd Dist. 2006) 140 Cal.App.4th 34, 62 fn. 22 ("Although it is the employee's burden to initiate the process, no magic words are necessary, and the obligation arises once the employer becomes aware of the need to consider an accommodation."); *Prilliman v. United Airlines, Inc.* (2nd Dist. 1997) 53 Cal.App.4th 935, 954 ("The statute does not require the plaintiff to speak any magic words before he is subject to its

protections. The employee need not mention the ADA or even the term 'accommodation'"); *Zivkovic v. Souther California Edison Co.* (9th Cir. 2002) 302 F.3d 1080, 1089 ("An employee is not required to use any particular language when requesting an accommodation but need only 'inform the employer of the need for an adjustment due to a medical condition.'"); *Taylor v. Phoenixville School Dist.* (3rd Cir. 1999) 184 F.3d 296, 314 ("to trigger the School District's duty to participate in the interactive process, it is not essential that [the employer] knew the specific name of Taylor's condition...."); *Taylor v. Principal Financial Group, Inc.* (5th Cir. 1996) 93 F.3d 155, 164 ("[I]t is important to distinguish between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of that disability. This distinction is important because the ADA requires employers to reasonably accommodate limitations, not disabilities."); *Smith v. Midland Brake, Inc.* (10th Cir. 1999) 180 F.3d 1154, 1171-1172 (employee not required to use any "magic phrases" and instead "may use plain English and need not mention the ADA or use the phrase reasonable accommodation" to put the employer on notice); *Fjellstad v. Pizza Hut of America, Inc.* (8th Cir. 1999) 188 F3d 944, 955, fn. 5 (need not use "magic words" of "reasonable accommodation"); *Bultemayer v. Fort Wayne Comm. Schools* (7th Cir. 1996) 199 F.3d 1281, 1286 (psychiatrist note stating employee was ready to return to work, but should do so at

a less stressful school, triggered interactive process duty); *Burnett v. Western Resources, Inc.* (D. Kan. 1996) 929 F.Supp. 1349, 1357 ("[E]ven if not specifically designated by plaintiff as a request or accommodation, knowledge by defendant of plaintiff's permanent medical restrictions and that they are preventing him from performing his job was sufficient to permit defendant to commence the reasonable accommodation process."); *Gonsalves v. J.F. Fredericks Tool Co.* (D. Conn. 1997) 964 F.Supp. 616, 622-623 (doctor's certification stating job stress could exacerbate condition may be sufficient accommodation request); *California Fair Employment & Housing Commission v. Gemini Aluminum Corp.* (2004) 122 Cal.App.4th 1004, 1015 ("Gemini has provided no authority for the suggestion, implicit in its contention, that *all* the decision-makers had to be informed of Young's religious needs before it had any obligation to attempt an accommodation. A supervisor is the employer's agent for purposes of vicarious liability for unlawful discrimination. (See *Reno v. Baird* (1998) 18 Cal.4th 640, 645-647 and *Freeman v. Superior Court* (1955) 44 Cal.2d 533, 537 [In general, when an agent has acquired knowledge which he or she had a duty to communicate to his or her principle, a conclusive presumption arises that the agent has performed that duty].).)" *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 887.

# PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 4

This instruction is supported by the following authority:

Sources and Authority: *Gelfo v. Lockheed Martin Corp.* (2nd Dist. 2006) 140 Cal.App.4th 34, 62 fn. 22 ("Although it is the employee's burden to initiate the process, no magic words are necessary, and the obligation arises once the employer becomes aware of the need to consider an accommodation."); *Prilliman v. United Airlines, Inc.* (2nd Dist. 1997) 53 Cal.App.4th 935, 954 ("The statute does not require the plaintiff to speak any magic words before he is subject to its protections. The employee need not mention the ADA or even the term 'accommodation'"); *Zivkovic v. Souther California Edison Co.* (9th Cir. 2002) 302 F.3d 1080, 1089 ("An employee is not required to use any particular language when requesting an accommodation but need only 'inform the employer of the need for an adjustment due to a medical condition.'"); *Taylor v. Phoenixville School Dist.* (3rd Cir. 1999) 184 F.3d 296, 314 ("to trigger the School District's duty to participate in the interactive process, it is not essential that [the employer] knew the specific name of Taylor's condition...."); *Taylor v. Principal Financial Group, Inc.* (5th Cir. 1996) 93 F.3d 155, 164 ("[I]t is important to distinguish between an employer's knowledge of an employee's disability versus an employer's knowledge of any limitations experienced by the employee as a result of that disability. This distinction is important because the ADA requires employers to reasonably accommodate limitations, not disabilities."); *Smith v. Midland Brake, Inc.* (10th Cir. 1999) 180 F.3d 1154, 1171-1172 (employee not required to use any "magic phrases" and instead "may use plain English and need not mention the ADA or use the phrase reasonable accommodation" to put the employer on notice); *Fjellstad v. Pizza Hut of America, Inc.* (8th Cir. 1999) 188 F3d 944, 955, fn. 5 (need not use "magic words" of "reasonable accommodation"); *Bultemayer v. Fort Wayne Comm. Schools* (7th Cir. 1996) 199 F.3d 1281, 1286 (psychiatrist note stating employee was ready to return to work, but should do so at a less stressful school, triggered interactive process duty); *Burnett v. Western Resources, Inc.* (D. Kan. 1996) 929 F.Supp. 1349, 1357 ("[E]ven if not specifically designated by plaintiff as a request or accommodation, knowledge by defendant of plaintiff's permanent medical restrictions and that they are preventing him from performing his job was sufficient to permit defendant to commence the reasonable accommodation process."); *Gonsalves v. J.F. Fredericks Tool Co.* (D. Conn. 1997) 964 F.Supp. 616, 622-623 (doctor's certification stating job stress could exacerbate condition may be sufficient accommodation request); *California Fair Employment & Housing Commission v. Gemini Aluminum Corp.* (2004) 122 Cal.App.4th 1004,

1015 ("Gemini has provided no authority for the suggestion, implicit in its contention, that *all* the decision-makers had to be informed of Young's religious needs before it had any obligation to attempt an accommodation. A supervisor is the employer's agent for purposes of vicarious liability for unlawful discrimination. (See *Reno v. Baird* (1998) 18 Cal.4th 640, 645-647 and *Freeman v. Superior Court* (1955) 44 Cal.2d 533, 537 [In general, when an agent has acquired knowledge which he or she had a duty to communicate to his or her principle, a conclusive presumption arises that the agent has performed that duty].).)" *Faust v. California Portland Cement Co.* (2007) 150 Cal.App.4th 864, 887.

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 4 Disability</u>

<u>Discrimination:  Reasonable Accommodation – Triggering the Duty to Engage in</u>

<u>Interactive Process (Gov. Code, § 12940(n)):</u>

This proposed instruction does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury.  The instruction does not take into consideration the propositions set forth by the cases cited, to wit, that it is the employee's burden to initiate the process (*Gelfo*); that the employee needs to inform the employer of the need for an adjustment (*Zivkovic*).  It is true that knowledge can be inferred from the circumstances, but it will only be imputed to the employer "when the fact of the disability is the only reasonable interpretation of the known facts." (Brundage v. Hahn (1997) 57 Cal.App.4th 228, 237.) Knowledge cannot be imputed or inferred without some concrete reason or evidence. "Vague or conclusory statements revealing an unspecified incapacity are not sufficient to put an employer on notice ...." (Brundage, 57 Cal.App.4th at p. 237; Avila, 165 Cal.App.4th at p. 1248 [physician form indicating hospitalization of employee without more insufficient to put employer on notice plaintiff suffered a qualifying disability]; see also De La Rama v. Illinois Dep't of Human Services (7th Cir. 2008) 541 F.3d 681, 687 [under FMLA " '[s]ick' does not imply 'a serious health condition.' Calling in "sick" every day is not sufficient notice of a qualifying disability. "Not every illness qualifies as a disability" (Avila, 165 Cal.App.4th at p. 1249) and the act of calling in "sick" is inadequate to support the conclusion that a plaintiff informed his employer of his disability. (Id.; see also De La Rama, 541 F.3d at p. 687["[c]alling in sick without providing additional information does not provide sufficient notice under the FMLA"].) Similarly, the use of sick or other accrued leave time is not sufficient to impute knowledge of a disability to the employer. (Brundage, 57 Cal.App.4th at p. 237.)

Defendant will continue to work with Plaintiff to try to come up with a mutually agreeable special instruction.  But the one that they have proposed is not appropriate.  CACI 2546, as proposed by Defendant should be adopted.

**Plaintiff's Special Jury Instruction No. 5**

**Disability Discrimination: Reasonable Accommodation— "Interactive Process" Defined**

The interactive process is the informal dialogue or exchange of information directly between employer and employee to determine if reasonable accommodations are necessary and, if so, what accommodations will be effective. Once an employer becomes aware of an employee's need for reasonable accommodation, or the employee requests a reasonable accommodation, the employer has a mandatory obligation to engage in a timely and good faith interactive process with the employee to identify and implement an appropriate accommodation.

As part of the interactive process, it is the obligation of both the employee and the employer to keep communications open and neither side may obstruct the process. The interactive process is a fluid and ongoing process, which requires ongoing efforts by both the employer and employee. This obligation is not satisfied by a single effort to provide accommodation if the employer later learns that additional or different accommodation may by required.

Sources and Authorities: *Government Code* §12940(n); *Prilliman v. United Airlines, Inc.* (1997) 23 Cal.App.4th 935, 950-951; *Jensen v. Wells Fargo Bank* (2000) 85 Cal.App. 245, 263, 266; *Spitzer v. The Good Guys, Inc.* (2000) 80

Cal.App.4th 1376, 1384-1385; *Humphrey v. Memorial Hospitals Association* (9th Cir. 2001) 239 F.3d 1128, 1138.

**PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 5**

The CACI fails to adequately define the "interactive process." This special instruction instructs the jury on the meaning of this term in a non-argumentative and legally accurate fashion. *Government Code* §12940(n); *Prilliman v. United Airlines, Inc.* (1997) 23 Cal.App.4th 935, 950-951; *Jensen v. Wells Fargo Bank* (2000) 85 Cal.App. 245, 263, 266; *Spitzer v. The Good Guys, Inc.* (2000) 80 Cal.App.4th 1376, 1384-1385; *Humphrey v. Memorial Hospitals Association* (9th Cir. 2001) 239 F.3d 1128, 1138.

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 5 Disability Discrimination:  Reasonable Accommodation – "Interactive Process" Defined</u>:

Defendant objects to Plaintiffs Special Jury Instruction No. 5 on the grounds that it does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury.  The special jury instruction misstates the legal authority cited and applicable case law.  It is also argumentative, as its focuses on the employer is not balanced.

Defendant will continue to work Plaintiff to try to submit a mutually agreeable instruction.

**Plaintiff's Special Jury Instruction No. 6**

**Disability Discrimination: Disability-Related Conduct**

Conduct resulting from a disability is part of the disability and not a basis for adverse employment action.

Sources and Authorities: *Gambini v. Total Renal Care, Inc.* (9th Cir. 2007) 486 F.3d 1087, 1093 ("Gambini submitted and the trial court denied Prop. Inst. 26: Conduct resulting from a disability is part of the disability and not a separate basis for termination. We conclude (1) that the district court abused its discretion when it declined to give that instruction and (2) that such exclusion was not harmless error."); *Humphrey v. Memorial Hosps. Assn.* (9th Cir. 2001) 239 F. 3d 1128, 1139-1140 ("...conduct resulting from a disability is considered part of the disability, rather than a separate basis for termination."); *Borkowski v. Valley Cent. School Dist.* (2nd Cir. 1995) 63 F. 3d 131, 143 ("Failure to consider the possibility of reasonable accommodation for such disabilities, if it leads to discharge for performance inadequacies resulting from the disabilities, amounts to discharge... because of the disabilities.").

## PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 6

"A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by [her] which is supported by substantial evidence." (*Soule v. General Motors Corp* (1994) 8 Cal.4th 548.). This Special Instruction is supported by the following authority: *Gambini v. Total Renal Care, Inc.* (9th Cir. 2007) 486 F.3d 1087, 1093 ("Gambini submitted and the trial court denied Prop. Inst. 26: Conduct resulting from a disability is part of the disability and not a separate basis for termination. We conclude (1) that the district court abused its discretion when it declined to give that instruction and (2) that such exclusion was not harmless error."); *Humphrey v. Memorial Hosps. Assn.* (9th Cir. 2001) 239 F. 3d 1128, 1139-1140 ("...conduct resulting from a disability is considered part of the disability, rather than a separate basis for termination."); *Borkowski v. Valley Cent. School Dist.* (2nd Cir. 1995) 63 F. 3d 131, 143 ("Failure to consider the possibility of reasonable accommodation for such disabilities, if it leads to discharge for performance inadequacies resulting from the disabilities, amounts to discharge... because of the disabilities.").

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 6 Disability</u>
<u>Discrimination:  Disability-Related Conduct</u>:

Defendant objects to Plaintiffs Special Jury Instruction No. 6 on the grounds that it does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury.  The special jury instruction misstates the legal authority cited and applicable case law.  The jury instruction has no applicability to the facts or law of this case and as stated is too vague and ambiguous to guide the jury in any meaningful way to reach a finding as to the Plaintiff's claims or Defendant's affirmative defenses. Unlike the cases cited, this case does not involve a termination.  This instruction also fails to account for the timing of knowledge, and that if any employer acts without knowledge that the employee conduct is resulting from disability or that it might dispute that the conduct is results from disability, that it is entitled to inquire and make determinations, and that such inquiry itself is not actionable in the absence of adverse employment action. It is true that knowledge can be inferred from the circumstances, but it will only be imputed to the employer "when the fact of the disability is the only reasonable interpretation of the known facts." (Brundage, 57 Cal.App.4th at p. 237.)

**Plaintiff's Special Jury Instruction No. 7**

**Reasonable Accommodation and Interactive Process- Intent Not Required**

An employee asserting a claim for failure to accommodate or failure to engage in the interactive process does not need to show that her employer acted with discriminatory or retaliatory intent or other improper bias.

**Authority:**

*County of Fresno v. Fair Employment and Housing Commission* (1991) 226 Cal.App.3d 1541, 1554 fn. 6; *Alexander v. Choate* (1985) 469 U.S. 287, 295.

## PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 7

Defendant requests this Court to give CACI 2513: Business Judgment. This Special Instruction is necessary to explain to the jury (so they are not mislead by Special Instruction 2513) that an employee asserting a claim for failure to accommodate or failure to engage in the interactive process does not need to show that her employer acted with discriminatory or retaliatory intent or other improper bias. *County of Fresno v. Fair Employment and Housing Commission* (1991) 226 Cal.App.3d 1541, 1554 fn. 6; *Alexander v. Choate* (1985) 469 U.S. 287, 295.

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 7 Reasonable Accommodation and Interactive Process – Intent Not Required</u>:

Defendant objects to Plaintiffs Special Jury Instruction No. 7 on the grounds that it does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury. The special jury instruction misstates the legal authority cited and applicable case law. This instruction is confusing as it omits the "good faith" element in the interactive process claim. This instruction is not necessary and will mislead the jury. And Plaintiff's attempt to conflate it with CACI 2513 is misplaced. CACI 2513 is intended to prevent a jury from sitting as an HR department and substituting its judgment for Amtrak's in matters that don't give rise to an inference of discriminatory or retaliatory intent. Moreover, CACI 2513 makes this clear.

**Plaintiff's Special Jury Instruction No. 8: Failure to Follow Own Policies**

If you determine that National Railroad Passenger Corporation dba

Amtrak failed to follow its own policies in this case, you may consider National

Railroad Passenger Corporation dba Amtrak's failure to follow its own policies as

evidence of discrimination and/or retaliation.

<u>Sources and Authorities</u>:

*Kotla v. Regents of University of California* (2004) 115 Cal.App.4th 283, 294 fn. 6 ["[E]vidence showing...that the employer significantly deviated from its ordinary personnel procedures in the aggrieved employee's case, might well be relevant to support (or negate) an inference of retaliation."]; *Village of Arlington Heights v. Met. Hous. Dev. Corp.* (1977) 429 U.S. 252, 267 ["Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role"].) See, also, *Azzaro v. County of Allegheny* (3d Cir. 1997) 110 F.3d 968, 974-975 [failure to follow policies applicable to employee suggests that discrimination may be involved.]

## PLAINTIFF'S STATEMENT IN SUPPORT OF PLAINTIFF'S SPECIAL INSTRUCTION NO. 8

This Special Instruction is intended to instruct the jury on factors they may consider when deciding discriminatory or retaliatory intent. It is non-argumentative and legally accurate. *Kotla v. Regents of University of California* (2004) 115 Cal.App.4th 283, 294 fn. 6 ["[E]vidence showing...that the employer significantly deviated from its ordinary personnel procedures in the aggrieved employee's case, might well be relevant to support (or negate) an inference of retaliation."]; *Village of Arlington Heights v. Met. Hous. Dev. Corp.* (1977) 429 U.S. 252, 267 ["Departures from the normal procedural sequence also might afford evidence that improper purposes are playing a role"].) See, also, *Azzaro v. County of Allegheny* (3d Cir. 1997) 110 F.3d 968, 974-975 [failure to follow policies applicable to employee suggests that discrimination may be involved.]

<u>Defendant's Objection to Plaintiff's Special Jury Instruction No. 8 Failure to</u>
<u>Follow Own Policies</u>:

Defendant objects to Plaintiffs Special Jury Instruction No. 8 on the grounds that it does not accurately reflect the applicable law, is vague and ambiguous and is misleading to the jury. The special jury instruction misstates the legal authority cited and applicable case law. Merely not following a stated policy or practice is not in and of itself evidence of discrimination unless the circumstances demonstrate pretext for actual discrimination. This instruction does not convey that concept and therefore is highly misleading. In addition, depending on the evidence submitted, Plaintiff's exclusive remedy for any such inconsistent application of policies or practices would be to grieve, consistent with the parties' CBA and the Railway Labor Act. As with the other instructions, whether to provide the jury with this instruction should be considered much later and be based on the actual evidence introduced.

## Defendant's Special Instruction No. 1

Plaintiff applied and was approved for disability benefits from the Railroad Retirement Board. In considering this evidence, you are instructed that to be eligible for such benefits, the Railroad Retirement Board determined that Plaintiff is "disabled" because she is unable to do any substantial gainful activity because of a medically determinable physical or mental impairment. To meet this definition of disability, Plaintiff was found to have a severe impairment, which [made] her unable to do any previous work or other substantial gainful activity which exists in the national economy.

Source and Authority:  20 C.F.R. § 220.26

Defendant's Support for Defendant's Special No. 1

The jury is entitled to know the standard at issue in connection with Plaintiff's application and award disability benefits. This instruction only informs the jury of the legal standard for approval of such benefits as set forth in 20 C.F.R. § 220.26. To not let the jury know the standard involved will result in the jury being mislead with respect to material aspects of Plaintiff's claims and Amtrak's defenses pertaining not simply to equitable defenses, but to whether Plaintiff could in fact continue to perform the essential functions of her job, whether reasonable and effective accommodations were available. Moreover, nothing about this request implicates "collateral sources" because not amounts have been alleged and the amount of any award is not material to this award. This is not an instruction regarding damages or offset.

## **Plaintiff's Statement in Opposition to Amtrak's Special Instruction No. 1**

Plaintiff objects to this instruction on the basis that it tends to endorse the other party's theory of the case or argument. *W.T. Rogers Co., Inc. v. Keene*, 778 F.2d 334, 346 (7th Cir. 1985) ("A jury should so far as possible not be instructed in a way that makes it much easier to decide in favor of one party than in favor of the other").

Plaintiff further objects to this instruction on the basis that assumes the answer to an issue of fact and thereby takes that issue away from the jury. *United States v. Adamson*, 665 F.2d 649, 652 (5th Cir. 1982).

Plaintiff further objects to this instruction because it impermissibly refers to collateral source payments. Sheehy v. S. Pac. Transp. Co., 631 F.2d 649 (9th Cir. 1980).

Plaintiff further objects to this instruction because it impermissibly instructs the jury on issues that relate to Amtrak's equitable affirmative defenses of estoppel and waiver, which are to be decided by the Court, not the jury. *See generally Granite State Ins. Co. v. Smart Modular Techs., Inc.*, 76 F.3d 1023, 1027 (9th Cir. 1996) ("A litigant is not entitled to have a jury resolve a disputed affirmative defense if the defense is equitable in nature.").

## Defendant's Special Instruction No. 2

Amtrak is not liable for any harm to Plaintiff to the extent it can show by a preponderance of the evidence that Plaintiff could have avoided harm by reasonable effort or expenditure.

<u>Source and Authority</u>:  *State Dept. of Health Services v. Super. Ct.*, 31 Cal. 4th 1026, 1043 (2003) ("Under the avoidable consequences doctrine as recognized in California, a person injured by another's wrongful conduct will not be compensated for damages that the injured person could have avoided by reasonable effort or expenditure."); *Rosenfeld v. Abraham Joshua Heschel Day Sch., Inc.*, 226 Cal. App. 4th 886 (2014) (applying the avoidable consequences doctrine to claims brought under individual disparate treatment theory).

Defendant's Support for Defendant's Special No. 2

This instruction is an appropriate instruction pertaining to Plaintiff's ability to obtain damages. Contrary to Plaintiff's claim, the instruction is clear on burden.

## Plaintiff's Statement in Opposition to Amtrak's Special Instruction No. 2

Plaintiff objects to this instruction because it is ambiguous as to the parties' burden of
proof (*Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals, Inc.*, 254 F.3d 706, 713 (8th Cir. 2001)); and 2) It fails to provide relevant criteria for the jury's determination of the issue (*Bollenbach v. United States*, 326 U.S. 607, 612 (1946)).

"Avoidable Consequences" is an affirmative defense wherein the Defendant carries the burden of proof. Defendant's proposed Special Instruction makes no mention of which party bears the burden of proof and what elements need to be proven. The Court's Civil Trial Scheduling Order expresses a preference that the parties use Judicial Counsel of California, Civil Instructions (CACI) when California law applies. CACI 2526 accurately describes the burden of proof and elements of an "Avoidable Consequences" affirmative defense. Plaintiff therefore requests that the Court give CACI 2526 on this issue, and refuse to give Defendant's Special Instruction No. 2.

## Defendant's Special Instruction No. 3

An employee cannot simply quit and sue claiming she was constructively discharged. The conditions giving rise to the resignation must be sufficiently extraordinary and egregious to overcome the normal motivation of a competent, diligent, and reasonable employee to remain on the job to earn a livelihood and to serve his or her employer. The proper focus is on whether the resignation was coerced, not whether it was simply one rational option for the employee.

An employee may not be unreasonably sensitive to her working environment. Every job has its frustrations, challenges, and disappointments; these are inherent in the nature of work. An employee is protected from unreasonably harsh conditions, in excess of those faced by his or her co-workers. He or she is not, however, guaranteed a working environment free of stress.

In order to amount to a constructive discharge, adverse working conditions must be unusually aggravated or amount to a continuous pattern before the situation will be deemed intolerable. Moreover, a poor performance rating or a demotion, even when accompanied by reduction in pay, does not by itself trigger a constructive discharge.

<u>Source and Authority</u>: *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1246-47, 876 P.2d 1022 (1994), *citing Goldsmith v. Mayor and City of Baltimore* (4th Cir. 1993) 987 F.2d 1064, 1072.

Defendant's Support for Defendant's Special No. 3

This instruction is comprised of *direct quotes* from the leading case on constructive discharge. *Turner v. Anheuser-Bush, Inc.*, 7 Cal. 4th 1238 (1994). It correctly sets forth the law and is a proper balance to the instructions requested by Plaintiff on the issue of constructive discharge. Contrary to Plaintiff's claim, Defendant identified this authority (with pin point citations) and its request for this instruction timely in connection with the parties' pre-trial conference. This instruction came as no surprise to Plaintiff.

## Plaintiff's Statement in Opposition to Amtrak's Special Instruction No. 3

Plaintiff objects on the basis that this proposed special instruction was, pursuant to the Court's Trial Scheduling Order, due to be provided to Plaintiff's counsel on July 14, 2015. Defendant provided this Special Instruction to Plaintiff at 1:28pm on Tuesday, September 8, 2015. It is therefore untimely and unreasonable to expect Plaintiff to respond at this late date.

Plaintiff further objects to this special instruction because it tends to endorse the other party's theory of the case or argument. *W.T. Rogers Co., Inc. v. Keene*, 778 F.2d 334, 346 (7th Cir. 1985). CACI 2432 adequately and accurately describes the standard for constructive termination, and therefore supplementation of that instruction with an additional instruction is unnecessary. This Special Instruction is also improperly argumentative in endorsing Amtrak's theory of the case.

## Defendant's Special Instruction No. 4 – Damages Attributable to Litigation

You may not award Plaintiff any damages (including emotional distress) attributable to the litigation process. This includes any emotional distress that may have been suffered by Plaintiff at her deposition or during the course of this trial. This also includes any financial losses she has incurred in pursuing this lawsuit.

Source and Authority:  *Ortega v. Pajaro Valley Unified School Dist.*, 75 Cal. Rptr.2d 777, 800 (1998); *McCharles v. Bilson*, 186 Cal. App. 3d 954, 958 (1986); *Pleasant v. Celli*, 18 Cal. App. 4th 841, 853-854 (1993).

Defendant's Support for Defendant's Special No. 4

This instruction is supported by well established authority. *See Ortega v. Pajaro Valley Unified School District*, 75 Cal. Rptr. 2d 777, 800 (1998); *McCharles v. Bilson*, 186 Cal. App. 3d 964, 958 (1986); *Pleasant v. Celli*, 18 Cal. App. 4th 841, 853-854 (1993). Contrary to Plaintiff's claim, Defendant identified this authority and its request for an instruction on "No Damages Arising from Litigation Process" timely in connection with the parties' pre-trial conference. This instruction came as no surprise to Plaintiff.

## Plaintiff's Statement in Opposition to Amtrak's Special Instruction No. 4

Plaintiff objects on the basis that this proposed special instruction was, pursuant to the Court's Trial Scheduling Order, due to be provided to Plaintiff's counsel on July 14, 2015. Defendant provided this Special Instruction to Plaintiff at 1:28pm on Tuesday, September 8, 2015. Defendant has further failed to identify any legal authority supporting the proffering of this Special Instruction. It is therefore untimely and unreasonable to expect Plaintiff to respond at this late date.